1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ADaniel M. Cislo, No. 125,378
  *dan@cislo.com*
Dennis Larson, No. 48,983
  *dlarson@cislo.com*
CISLO & THOMAS LLP
1333 2nd Street Suite 500
Santa Monica, California 90401-4110
Telephone:  (310) 451-0647
Telefax:  (310) 394-4477

Attorneys for Plaintiff,
CLOUD B, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

CLOUD B, INC. a California
corporation,

           Plaintiff,

      vs.

GLOPO, INC., a California
corporation, individually and doing
business as GLOPOUSA.COM,
TOYBEYOND.COM, LITTLE
GENIUS and THE WONDERLAND;
YILUN ZHOU, individually and
doing business as ELLEN ZHOU,
ELLEN TRUMAN, ELLEN
CLARK, GLOPO, INC.,
GLOPOUSA.COM,
TOYBEYOND.COM, LITTLE
GENIUS and THE WONDERLAND;
and DOES 1-10, inclusive,

          Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO.

**COMPLAINT FOR INJUNCTIVE
RELIEF AND:**

**(1) TRADEMARK INFRINGEMENT
AND COUNTERFEITING;**

**(2) FALSE DESIGNATION OF
ORIGIN;**

**(3) TRADE DRESS INFRINGEMENT;**

**(4) COPYRIGHT INFRINGEMENT;**

**(5) UNFAIR COMPETITION;**

**(6) STATE UNFAIR COMPETITION;**

**(7) STATE TRADEMARK
INFRINGEMENT;**

**(8) TORTIOUS INTERFERENCE
WITH ECONOMIC
RELATIONSHIPS; AND**

**(9) PATENT INFRINGEMENT**

    **DEMAND FOR JURY TRIAL**

Plaintiff Cloud B, Inc. ("Cloud B") hereby alleges as follows:

## JURISDICTION AND VENUE

1.      This is an action for violations of the Lanham Act, 15 U.S.C. §§ 1051 et seq. for trademark infringement, false designation of origin, trade dress infringement and unfair competition; Federal Copyright Act, 17 U.S.C. §§ 100 et seq.; violation of the Patent Act, 35 U.S.C. §§ 100 et seq.; and state law trademark infringement, unfair competition under California Business and Professions Code §§ 17200 and 17203 against Defendants GLOPO, INC., a California corporation, individually and doing business as GLOPOUSA.COM, TOYBEYOND.COM, LITTLE GENIUS and THE WONDERLAND; YILUN ZHOU, individually and doing business as ELLEN ZHOU, ELLEN TRUMAN, ELLEN CLARK, GLOPO, Inc., GLOPOUSA.COM, TOYBEYOND.COM, LITTLE GENIUS and THE WONDERLAND and Does 1 through 10 (collectively "Defendants").   Plaintiff Cloud B seeks injunctive relief against Defendants' continued unauthorized use and counterfeiting of Cloud B's trademarks, trade dress, copyrighted and patented toys. Cloud B further seeks reimbursement of its attorney fees and costs.

2.      This Court has federal question jurisdiction pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338(a) and (b) as the trademark infringement, false designation of origin, trade dress, copyright and patent claims arise under 15 U.S.C. §§ 1051 et seq., and 17 U.S.C. §§ 100 et seq. of the Copyright Act of 1976, and 35 U.S.C. §§ 100 et seq.   Additionally, this Court has pendent jurisdiction pursuant to 28 U.S.C. § 1367 over the other related state law claims.

///
///
///

2

3.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1391(c), as Defendants are subject to personal jurisdiction in this district, and because a substantial portion of the events giving rise to this action occurred in this district.

## THE PARTIES

4.     Plaintiff Cloud B is a California corporation with its principal place of business located in Gardena, California.  Cloud B designs, sells and markets the Cloud B®, Twilight Ladybug®, Twilight Turtle® and Twilight Sea Turtle®-marked toys for children, which are the subject of this complaint.

5.     Plaintiff Cloud B is informed and believes and thereon alleges that Defendant GLOPO, INC. is a California corporation, doing business over the Internet at   www.glopousa.com   and   www.toybeyond.com   and   as GLOPOUSA.COM,   TOYBEYOND.COM,   LITTLE   GENIUS   and   THE WONDERLAND.

6.     Plaintiff Cloud B is informed and believes and thereon alleges that Defendant YILUN ZHOU, is an individual doing business as ELLEN ZHOU, ELLEN TRUMAN, ELLEN CLARK, GLOPO, INC., GLOPOUSA.COM, TOYBEYOND.COM, LITTLE GENIUS and THE WONDERLAND.

7.     The Defendants named herein as Does 1 through 10, inclusive are unknown to Plaintiff Cloud B, which therefore sues such "Doe" Defendants by such fictitious names.  Cloud B is informed, believes and thereon alleges that the fictitiously named "Doe" Defendants are in some manner, means or degree responsible for the events and happenings herein alleged.  Cloud B will amend

CISLO & THOMAS LLP
Attorneys at Law
SUITE 500
1333 2ND STREET
SANTA MONICA, CALIFORNIA 90401-4110
TELEPHONE: (310) 451-0647   FACSIMILE: (310) 394-4477

this complaint to assert the true names and capacities of the fictitiously designated "Doe" Defendants when the same have been ascertained.

8.     Cloud B is informed and believes and thereon alleges that Defendants are either manufacturing and/or importing counterfeit copies of Cloud B®, Twilight Ladybug®, Twilight Turtle® and Twilight Sea Turtle®-marked toys and are reselling the same to unsuspecting consumers over the Internet as authentic Cloud B®, Twilight Ladybug®, Twilight Turtle® and Twilight Sea Turtle®-marked toys, trading on Cloud B's business goodwill.

9.     Cloud B is informed and believes and thereon alleges that Defendants have sold a substantial volume of their counterfeit copies of counterfeit Cloud B®, Twilight Ladybug®, Twilight Turtle® and Twilight Sea Turtle®-marked toys, knowing that a great risk existed that Cloud B would be severely affected in this judicial district, which has occurred.

10.     Cloud B is informed and believes and thereon alleges that Defendants are either acting in concert or are in some other manner related because each Defendant is at minimum selling or distributing counterfeit copies of Cloud B®, Twilight Ladybug®, Twilight Turtle® and Twilight Sea Turtle®-marked toys.

11.     Plaintiff Cloud B is informed and believes, and thereon alleges, that in performing the abovementioned acts Defendants GLOPO, INC., a California corporation, individually and doing business as GLOPOUSA.COM, TOYBEYOND.COM, LITTLE GENIUS and THE WONDERLAND; YILUN ZHOU, individually and doing business as ELLEN ZHOU, ELLEN TRUMAN, ELLEN CLARK, THE WONDERLAND, GLOPO, INC., GLOPOUSA.COM, TOYBEYOND.COM, LITTLE GENIUS and Does 1 through 10, inclusive, and

4

each of them, were the actual, implied or ostensible agents, servants, employees, partners, joint venturers, alter egos and/or co-conspirators of one another, and were at all relevant times described herein acting on behalf of one another within the course and scope of such agency, servitude, employment, partnership, joint venture, alter ego relationship and/or conspiracy. Cloud B is further informed and believes, and thereon alleges, that each Defendant, whether expressly or fictitiously named, committed the acts or omissions described herein with the full knowledge, consent, authority and/or ratification of some or all of the other Defendants.

## FACTS COMMON TO ALL CLAIMS

### THE CLOUD B CHILDREN'S TOYS

12.    Plaintiff Cloud B invested substantial sums in designing and developing its novel, innovative in design and unique in function Cloud B®, Twilight Ladybug®, Twilight Turtle® and Twilight Sea Turtle®-marked electronic toys, which help children sleep safely and soundly through all stages of their development

13.    As will be described more fully below, Plaintiff Cloud B has marketed the Cloud B®, Twilight Ladybug®, Twilight Turtle® and Twilight Sea Turtle®-marked toys by heavily investing in several distinctive trademarks, copyrights and design patents, which have been promoted via print, Internet, and television advertising. The Cloud B®, Twilight Ladybug®, Twilight Turtle® and Twilight Sea Turtle®-marked toys have been an enormous commercial success for Cloud B— success that is now threatened by Defendants' egregious free riding into the market with a counterfeit marked products, usurping from Cloud B the fruits of its manufacturing and marketing investments.

5

## CLOUD B'S COMMON LAW TRADEMARKS,
## COPYRIGHTED MATERIALS AND PATENTS

14. Plaintiff Cloud B is the owner of the following nine common law trademarks related to the Cloud B®, Twilight Ladybug®, Twilight Turtle® and Twilight Sea Turtle®-marked toys, which are registered marks. The Cloud B Cloud B®, Twilight Ladybug®, Twilight Turtle® and Twilight Sea Turtle®-marked toys and related marks are as follows: CLOUD B, Soft sculpture toys, U.S. Registration No. 4,346,338; TWILIGHT TURTLE, Soft sculpture toy, U.S. Registration No. 3,096,834; TWILIGHT SEA TURTLE, Soft sculpture toy, U.S. Registration No. 4,221,512; TWILIGHT TURTLE & FRIENDS, Electronic learning toys; Plush toys, U.S. Registration No. 4,026,733; TWILIGHT TURTLE TUNES, Toys, U.S. Ser. No. 85/806,956; TWILIGHT TURTLE TUNES T3, Toys, U.S. Ser. No. 85/806,975; TWILIGHT LADYBUG, Plush toys, U.S. Registration No. 3,902,658; HELPING CHILDREN SLEEP, Plush toys, U.S. Registration No. 4,003,059, CLOUD B HELPING CHILDREN SLEEP Stylized, Toys, U.S. Registration No. 4,346,867 and EASES FEAR OF THE DARK, Toys, U.S. Registration No. 4,161,432. Exemplars of each of Cloud B's common law trademarks and registered marks are collectively appended to this complaint as Exhibit "A."

15. Attached hereto as Exhibit "B" is a copy of Cloud B's United States Register of Copyrights Certificates of Registration for the copyrighted Cloud B®, Twilight Ladybug®, Twilight Turtle® and Twilight Sea Turtle®-marked toys guide book, storybooks, and toy designs, which Defendants copied and included with their sale of counterfeit copies of Cloud B®, Twilight Ladybug®, Twilight Turtle® and Twilight Sea Turtle®-marked toys as follows: TWILIGHT TURTLE STORYBOOK, US Copyright Registration No. VA 1-836-809; TWILIGHT

CISLO & THOMAS LLP
Attorneys at Law
SUITE 500
1333 2ND STREET
SANTA MONICA, CALIFORNIA 90401-4110
TELEPHONE: (310) 451-0647   FACSIMILE: (310) 394-4477

TURTLE TOY DESIGN, US Copyright Registration No. VA 1-836-814; TWILIGHT TURTLE STAR GUIDE, US Copyright Registration No. VA 1-836-815; TWILIGHT LADYBUG STORYBOOK, US Copyright Registration No. VA 1-836-811; and TWILIGHT LADYBUG TOY DESIGN, US Copyright Registration No. VA 1-837-363. Exemplars of each of Cloud B's federal registered copyrights are collectively appended to this complaint as Exhibit "B."

16.     Plaintiff Cloud B is the owner of U.S. Patent No. D580,997 ("the '997 patent") entitled "TURTLE." The '997 patent was filed on June 7, 2007 and issued on November 18, 2008. Attached hereto as Exhibit "C" is a copy of the '997 patent. The '997 patent is valid and in force.

17.     Plaintiff Cloud B is an owner of U.S. Patent No. D674,447 ("the '447 patent") entitled "TWILIGHT DEVICE." The '447 patent was filed on August 28, 2012 and issued on January 15, 2013. Attached hereto as Exhibit "D" is a copy of the '447 patent. The '447 patent is valid and in force.

18.     Plaintiff Cloud B is an owner of U.S. Patent No. D680,677 ("the '677 patent) entitled "TWILIGHT DEVICE." The '677 patent was filed on November 27, 2012 and issued on April 23, 2013. Attached hereto as Exhibit "E" is a copy of the '677 patent. The '677 patent is valid and in force.

19.     Plaintiff Cloud B is an owner of U.S. Patent No. D607,139 ("the '139 patent") entitled "LADY BUG NIGHT LIGHT DEVICE." The '139 patent was filed on February 23, 2008 and issued on December 29, 2009. Attached hereto as Exhibit "F" is a copy of the '139 patent. The '139 patent is valid and in force.

///

///

7

20.     Plaintiff Cloud B is the owner of U.S. Patent No. D609,283 ("the '283 patent") entitled "SEA TURTLE."  The '283 patent was filed on July 22, 2008 and issued on February 2, 2010.  Attached hereto as Exhibit "G" is a copy of the '283 patent.  The '283 patent is valid and in force.

## CLOUD B'S TRADE DRESS

21.     Cloud B's toys feature a novel and distinctive ornamental design and trade dress.  Cloud B's protectable trade dress comprises the Cloud B®, Twilight Ladybug®, Twilight Turtle® and Twilight Sea Turtle®-marked overall soft, plush and floppy with animated character featured toys.  All of the above ornamental, distinct, animated features, when viewed as a whole, function as a source identifier for Plaintiff Cloud B's Cloud B®, Twilight Ladybug®, Twilight Turtle® and Twilight Sea Turtle®-marked and distinct toys.

22.     Plaintiff Cloud B has continuously used the Cloud B®, Twilight Ladybug®, Twilight Turtle® and Twilight Sea Turtle® trade dress in connection with the importation and sale of the Cloud B®, Twilight Ladybug®, Twilight Turtle® and Twilight Sea Turtle®-marked toys since at least as early as 2005, or well before the acts of Defendants complained of herein.  Plaintiff Cloud B has established an outstanding reputation as to the quality, utility and versatility of its toys sold under the Cloud B®, Twilight Ladybug®, Twilight Turtle® and Twilight Sea Turtle® marks.  Likewise, Cloud B is well known to consumers for the expansive warranty and customer service it provides for products sold under the Cloud B®, Twilight Ladybug®, Twilight Turtle® and Twilight Sea Turtle® marks.

23.     Plaintiff Cloud B has spent hundreds of thousands of dollars and expended significant effort in advertising, promoting, and developing the Cloud B®,

Twilight Ladybug®, Twilight Turtle® and Twilight Sea Turtle® and related marks and trade dress, and the Cloud B®, Twilight Ladybug®, Twilight Turtle®, Twilight Sea Turtle® toys themselves, throughout the United States and abroad. Cloud B advertises its Cloud B®, Twilight Ladybug®, Twilight Turtle® and Twilight Sea Turtle®-marked toys and related products featuring the Cloud B®, Twilight Ladybug®, Twilight Turtle® and Twilight Sea Turtle® marks and trade dress to consumers in the press, international, national and regional magazines, and via national and regional trade shows, television shows, its website and television advertising.

24. As a result of such advertising expenditures, Plaintiff Cloud B has established considerable goodwill in the Cloud B®, Twilight Ladybug®, Twilight Turtle® and Twilight Sea Turtle® and related marks and trade dress. The Cloud B®, Twilight Ladybug®, Twilight Turtle® and Twilight Sea Turtle® and related marks and trade dress have become widely recognized throughout the United States and abroad as a symbol of Cloud B's high quality and of the innovative children's toys and are associated by consumers exclusively with Plaintiff Cloud B. The Cloud B®, Twilight Ladybug®, Twilight Turtle® and Twilight Sea Turtle® and related marks and trade dress are an invaluable asset of substantial and inestimable worth to Cloud B, confirmed by multiple industry awards.

## DEFENDANTS' UNLAWFUL CONDUCT

25. Upon information and belief, Cloud B alleges that Defendants and each of them agreed and conspired to profit from the counterfeiting and illegal sales of counterfeit copies of Cloud B Cloud B®, Twilight Ladybug®, Twilight Turtle® and

CISLO & THOMAS LLP
Attorneys at Law
SUITE 500
1333 2ND STREET
SANTA MONICA, CALIFORNIA 90401-4110
TELEPHONE: (310) 451-0647    FACSIMILE: (310) 394-4477

Twilight Sea Turtle®-marked toys and to misuse Cloud B's intellectual property rights, and that they carried out this plan through the following acts, among others:

       a.     Beginning on a date unknown to Cloud B, Defendants began manufacturing or importing, or arranged for a third party to manufacture, import or acquire counterfeit copies of Cloud B®, Twilight Ladybug®, Twilight Turtle® and Twilight Sea Turtle®-marked toys, photographs of which are collectively attached hereto as Exhibit "H."

       b.     Cloud B is informed and believes that Defendants received the counterfeit copies of Cloud B®, Twilight Ladybug®, Twilight Turtle® and Twilight Sea Turtle®-marked toys and distributed them over the internet at www.glopousa.com, toybeyond.com and amazon.com in addition to other unknown websites to consumers;

       c.     Cloud B is further informed and believes that Defendants ordered counterfeit Twilight Ladybug®, Twilight Turtle® and Twilight Sea Turtle®-marked toys;

       d.     Defendants thereafter proceeded to promote and sell the counterfeit copies of Cloud B®, Twilight Ladybug®, Twilight Turtle® and Twilight Sea Turtle®-marked toys over the Internet as genuine Cloud B®, Twilight Ladybug®, Twilight Turtle® and Twilight Sea Turtle®-marked toys as promoted to the public, representing that they were affiliated with, associated with or otherwise endorsed by Cloud B; and

       e.     The foregoing acts were carried out by Defendants when they knew or should have known that their manufacture, importation, promotion

CISLO & THOMAS LLP
Attorneys at Law
SUITE 500
1333 2ND STREET
SANTA MONICA, CALIFORNIA 90401-4110
TELEPHONE: (310) 451-0647   FACSIMILE: (310) 394-4477

and/or sale of counterfeit Cloud B®, Twilight Ladybug®, Twilight Turtle® and Twilight Sea Turtle®-marked toys would have an adverse effect on Cloud B in Southern California when customers purchasing defective counterfeit Cloud B®, Twilight Ladybug®, Twilight Turtle® and Twilight Sea Turtle®-marked toys were likely to call Cloud B's Gardena Customer Service seeking information about and/or complaining and/or demanding substitute Cloud B®, Twilight Ladybug®, Twilight Turtle® and Twilight Sea Turtle®-marked toys for defective counterfeit Cloud B®, Twilight Ladybug®, Twilight Turtle® and Twilight Sea Turtle®-marked toys purchased from Defendants, thereby exposing Cloud B to property and/or personal injury claims relating to defective counterfeit product, complaints of over-priced product, damaging the reputation and the goodwill of Cloud B and its Cloud B®, Twilight Ladybug®, Twilight Turtle® and Twilight Sea Turtle®-marked toys and forcing Cloud B to respond to such claims at Cloud B's cost and expense.

26.   Defendants' importation and/or counterfeiting of Cloud B's Cloud B®, Twilight Ladybug®, Twilight Turtle® and Twilight Sea Turtle®-marked toys is an unfair business practice which diverts customers away from Cloud B because the potential customer is deceived into believing he/she is purchasing Cloud B's Cloud B®, Twilight Ladybug®, Twilight Turtle® and Twilight Sea Turtle®-marked toys and is prevented from going to Cloud B's website, which constitutes further evidence of Defendants' unfair business practices and misuse of Cloud B's valuable intellectual property rights, all of which have caused incalculable damage to Cloud B.

///
///
///

CISLO & THOMAS LLP
Attorneys at Law
SUITE 500
1333 2ND STREET
SANTA MONICA, CALIFORNIA 90401-4110
TELEPHONE: (310) 451-0647   FACSIMILE: (310) 394-4477

## INJURY TO PLAINTIFF CLOUD B

27.     Defendants are not authorized manufacturers, importers, or distributors of Plaintiff Cloud B's Cloud B®, Twilight Ladybug®, Twilight Turtle® and Twilight Sea Turtle®-marked toys,   nor are Defendants in any other way affiliated or associated with Cloud B or authorized to use Cloud B's patents, trademarks, trade dress or copyrighted materials.

28.     Plaintiff Cloud B has no control over the nature and quality of the counterfeit Cloud B®, Twilight Ladybug®, Twilight Turtle® and Twilight Sea Turtle®-marked toys sold by Defendants, which fail to include Underwriters Laboratories' approval as genuine Cloud B®, Twilight Ladybug®, Twilight Turtle® and Twilight Sea Turtle®-marked toys do.  Likewise, Cloud B has no control over the quality of customer service offered by Defendants, and further has no control over the warranty, if any, offered by Defendants in connection with the counterfeit Cloud B®, Twilight Ladybug®, Twilight Turtle® and Twilight Sea Turtle®-marked toys they sell using the colorable imitations of the marks.   Plaintiff Cloud B's business goodwill with respect to the Cloud B®, Twilight Ladybug®, Twilight Turtle® and Twilight Sea Turtle® marks has suffered as a result of Defendants' actions and is presently at the mercy of Defendants.

29.     The natural, probable and foreseeable result of the aforesaid conduct of the Defendants has been and will continue to deprive Cloud B of business and the selling of its Cloud B®, Twilight Ladybug®, Twilight Turtle® and Twilight Sea Turtle®-marked toys, to deprive Cloud B of goodwill, to injure Cloud B's relations with prospective customers and to impose substantial expenses on Cloud B to counteract and remedy the Defendants' aforesaid conduct.

CISLO & THOMAS LLP
Attorneys at Law
SUITE 500
1333 2ND STREET
SANTA MONICA, CALIFORNIA 90401-4110
TELEPHONE: (310) 451-0647   FACSIMILE: (310) 394-4477

30.    Cloud B is informed and believes and based thereon alleges that it has lost or will lose sales and license revenues for its Cloud B®, Twilight Ladybug®, Twilight Turtle®, Twilight Sea Turtle®-marked and related toys, and has sustained or will sustain damages as a result of the Defendants' aforesaid conduct and Defendants' marketing of the counterfeit Cloud B®, Twilight Ladybug®, Twilight Turtle® and Twilight Sea Turtle®-marked toys.  The Defendants' aforesaid wrongful conduct has also deprived and will continue to deprive Cloud B of opportunities for expanding its goodwill.

31.    Defendants' wrongful, unauthorized use of the Cloud B®, Twilight Ladybug®, Twilight Turtle® and Twilight Sea Turtle® marks or colorable imitation or counterfeit Cloud B®, Twilight Ladybug®, Twilight Turtle® and Twilight Sea Turtle®-marked toys, if permitted to continue, will irreparably harm Cloud B, marks, reputation, and goodwill.  Defendants' wrongful use of Cloud B's marks dilutes the strength of the marks and tarnishes the image and reputation of Cloud B among consumers of children's products, particularly children's toys.  Cloud B has developed its goodwill among consumers by supplying high quality, innovative, and popular products.  Defendants are now free-riding in the market on the back of Cloud B's hard-earned goodwill and are irreparably damaging that goodwill in the process.

32.    Cloud B is informed and believes and based thereon alleges that unless enjoined by this Court, Defendants intend to continue their course of conduct, and to wrongfully use, infringe upon, sell, license and otherwise profit from Cloud B's promotion and sale of its Cloud B®, Twilight Ladybug®, Twilight Turtle® and Twilight Sea Turtle®-marked toys and works derived therefrom.  As a direct and proximate result of the acts of the Defendants alleged above, Cloud B has already suffered irreparable damage and has sustained lost profits.  Cloud B has no adequate

CISLO & THOMAS LLP
Attorneys at Law
SUITE 500
1333 2ⁿᵈ STREET
SANTA MONICA, CALIFORNIA 90401-4110
TELEPHONE: (310) 451-0647    FACSIMILE: (310) 394-4477

13

remedy at law to redress all of the injuries the Defendants have caused and intend to cause by their conduct.   Cloud B will continue to suffer irreparable damage and sustain lost profits until the Defendants' actions alleged above are enjoined by this Court.

## FIRST CLAIM
## VIOLATION OF LANHAM ACT §§ 32, 34, 43(a)
## TRADEMARK INFRINGEMENT AND COUNTERFEITING
### (15 U.S.C. §§ 1114, 1116, 1125(a))

33.   Cloud B repeats and alleges each and every allegation contained in paragraphs 1 through 32 of this Complaint, and incorporates them herein.

34.   This claim is against all Defendants and each of them for Trademark Infringement, including by words tending to falsely describe or represent by using a colorable imitation and counterfeit mark in connection with the sale or distribution of goods in violation of Lanham Act §§ 32, 34, 43(a), 15 U.S.C. §§ 1114, 1116, 1125(a).

35.   The marks Cloud B®, Twilight Ladybug®, Twilight Turtle® and Twilight Sea Turtle® are inherently distinctive and have acquired secondary meaning in the marketplace.   The public associates the mark exclusively with Plaintiff Cloud B's products.   Cloud B has expended hundreds of thousands of dollars promoting the Cloud B®, Twilight Ladybug®, Twilight Turtle® and Twilight Sea Turtle® marks.

36.   Cloud B, on information and belief, alleges that at the time Defendants commenced the manufacture, promotion and sale of a colorable imitation or

14

counterfeit Cloud B®, Twilight Ladybug®, Twilight Turtle® and Twilight Sea Turtle®-marked toys, Defendants knew of Cloud B's adoption and widespread use and sale of its proprietary products, and knew of the valuable goodwill and reputation acquired by Cloud B in connection with its Cloud B®, Twilight Ladybug®, Twilight Turtle® and Twilight Sea Turtle® marks and products. Defendants nonetheless misappropriated Cloud B's proprietary Cloud B®, Twilight Ladybug®, Twilight Turtle® and Twilight Sea Turtle® marks by placing them on their colorable imitation or counterfeit Cloud B®, Twilight Ladybug®, Twilight Turtle® and Twilight Sea Turtle®-marked toys and Manual and Star Guides.

37.   Defendants' use of copies or colorable imitations of the Cloud B®, Twilight Ladybug®, Twilight Turtle®, Twilight Sea Turtle® and related marks in interstate commerce without the consent of Cloud B, for the purpose of manufacturing and/or selling counterfeit and infringing merchandise, has caused and is likely to continue to cause confusion or mistake or deception of purchasers as to the source of origin of their goods and services in that purchasers are likely to buy Defendants' counterfeit Cloud B®, Twilight Ladybug®, Twilight Turtle® and Twilight Sea Turtle®-marked toys bearing the colorable imitation or counterfeit Cloud B®, Twilight Ladybug®, Twilight Turtle® and Twilight Sea Turtle® marks believing they are Cloud B's or associated with Cloud B, thereby resulting in a loss of sales to Cloud B.  By manufacturing and/or selling the counterfeit and infringing merchandise and related materials, Defendants have willfully counterfeited and infringed Cloud B's marks in interstate commerce, with consequent damages to Cloud B's business reputation and to the goodwill symbolized by the Cloud B®, Twilight Ladybug®, Twilight Turtle®, Twilight Sea Turtle® and related marks and particularly the mark Cloud B®, in violation of Sections 32, 34 and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114, 1116, 1125(a).

38.   Cloud B has no control over the quality of the counterfeit goods, materials and services sold by Defendants, and because of the confusion as to the source engendered by the Defendants, Cloud B's valuable goodwill in respect to its aforesaid trademarks is at the mercy of Defendants.   Cloud B is informed and believes and on that basis alleges that Defendants' use of the Cloud B®, Twilight Ladybug®, Twilight Turtle®, Twilight Sea Turtle® and related marks or colorable imitations has caused confusion and mistake and deception of purchasers as to the source of origin of Defendant's counterfeit Cloud B®, Twilight Ladybug®, Twilight Turtle® and Twilight Sea Turtle®-marked toys and materials.

39.   The willful use by Defendants of the Cloud B®, Twilight Ladybug®, Twilight Turtle, Twilight Sea Turtle® and related marks or colorable imitations has resulted in the erosion and dilution of the exclusive rights that Cloud B formerly enjoyed in connection with its trademarks in the sale of its Cloud B®, Twilight Ladybug®, Twilight Turtle®, Twilight Sea Turtle® and related marks and night products to the great detriment of Cloud B.

40.   The goodwill of Cloud B's business under its Cloud B®, Twilight Ladybug®, Twilight Turtle®, Twilight Sea Turtle® and related trademarks is of enormous value, and Cloud B will suffer irreparable harm should infringement be allowed to continue to the detriment of its trade reputation and goodwill. Defendants' infringement will continue unless enjoined.   Consequently, Cloud B seeks injunctive relief, damages and its attorney fees and costs of suit as well as statutory damages, including an amount three times Defendants' profits under 15 U.S.C. § 1117(b) or statutory damages under 15, U.S.C. § 1117(c) in a sum between $1,000-$200,000 per mark up to $2,000,000.

///

///

**CLAIM**

**VIOLATION OF LANHAM ACT § 43(a)**

**FALSE DESIGNATION OF ORIGIN**

**(15 U.S.C. § 1125)**

41.    Cloud B repeats and alleges each and every allegation contained in paragraphs 1 through 40 of this Complaint, and incorporates them herein.

42.    This claim is against all Defendants and each of them for False Designation of Origin, for making false descriptions or representations of the origin of such products and services, including by words or symbols tending to falsely describe or represent, in violation of Lanham Act § 43(a), 15 U.S.C. § 1125(a).

43.    Cloud B, on information and belief, alleges that at the time Defendants commenced the manufacture, importation, advertisement, and sale of the counterfeit Cloud B®, Twilight Ladybug®, Twilight Turtle® and Twilight Sea Turtle®-marked toys, using colorable or counterfeit imitations of the Cloud B®, Twilight Ladybug®, Twilight Turtle® and Twilight Sea Turtle® marks, Defendants knew of Cloud B's adoption and widespread use and sale of its proprietary products, and knew of the valuable goodwill and reputation acquired by Cloud B in connection with its Cloud B®, Twilight Ladybug®, Twilight Turtle® and Twilight Sea Turtle®-marked toys.  Defendants nonetheless misappropriated Cloud B's proprietary products and in some instances altered some of them slightly to create the colorable imitation or counterfeit Cloud B®, Twilight Ladybug®, Twilight Turtle® and Twilight Sea Turtle®-marked toys.  In addition, Defendants copied Cloud B's distinctive colors, design, presentation, and packaging.

///

///

17

44.   Defendants' manufacture, importation, advertisement, and sale of the colorable imitation or counterfeit Cloud B®, Twilight Ladybug®, Twilight Turtle® and Twilight Sea Turtle®-marked toys and related packaging and labels are likely to cause confusion, mistake and deception as to the affiliation, sponsorship and/or origin of the goods advertised and sold by Defendants.  Cloud B is informed and believes that such use has misled and will continue to mislead the public into believing that Defendants' counterfeit marked and infringing merchandise originates with Cloud B, is licensed by Cloud B, or in some way sanctioned by or affiliated with Cloud B.

45.   Defendants have knowingly, willfully and deliberately, and with conscious disregard for the rights of Cloud B, manufactured, advertised, and sold the counterfeit Cloud B®, Twilight Ladybug®, Twilight Turtle® and Twilight Sea Turtle®-marked toys using a colorable imitation or counterfeit of Cloud B's marks, which they know are almost identical copies of Cloud B's proprietary products.

46.   Defendants' manufacturing, advertising and sale of colorable imitation or counterfeit Cloud B®, Twilight Ladybug®, Twilight Turtle® and Twilight Sea Turtle®-marked products, counterfeit materials and their packaging constitute a false description or representation of the origin of such products and services, including by words or symbols tending to falsely describe or represent, in violation of Lanham Act § 43(a), 15 U.S.C. § 1125(a).

47.   By reason of Defendants' wrongful acts of False Designation of Origin, pursuant to 15 U.S.C. § 1117, Cloud B is entitled to recover all of Defendants' profits received or otherwise achieved, directly or indirectly, from their manufacture, importation, advertisement, and sale of the counterfeit Cloud B®,

Twilight Ladybug®, Twilight Turtle® and Twilight Sea Turtle®-marked toys according to proof.

48.    Defendants' aforesaid infringing conduct has been willful, wanton and malicious, in bad faith and done with an intent to deceive.   Cloud B is therefore entitled to an award of its reasonable attorney fees and costs.

49.    By reason of Defendants' acts of False Designation of Origin, Cloud B has suffered and will continue to suffer irreparable injury unless and until this Court (1) enters an order enjoining Defendants' from any further acts of False Designation of Origin, and (2) orders Defendants to deliver up for destruction all of the counterfeit Cloud B®, Twilight Ladybug®, Twilight Turtle® and Twilight Sea Turtle®-marked products and counterfeit Retail Boxes, which are almost identical to Cloud B's proprietary products.   Defendants' continuing acts of False Designation of Origin, unless enjoined, will cause irreparable damage to Cloud B in that it will have no adequate remedy at law to compel Defendants to cease such acts.   Cloud B will be compelled to prosecute a multiplicity of actions, one action each time Defendants, or any one of them, commits such acts, and in each such action it will be extremely difficult to ascertain the amount of compensation which will afford Cloud B adequate relief.

**THIRD CLAIM**
**TRADE DRESS INFRINGEMENT**
**(15 U.S.C. § 1125)**

50.    Cloud B hereby repeats and incorporates herein the allegations set forth in paragraphs 1 through 49 above.

51.     The shape, size, appearance, tone and color of the trade dress for Cloud B's proprietary products and their packaging are nonfunctional, fanciful and arbitrary and inherently distinctive and have acquired secondary meaning in the eyes of the public.

52.     Defendants' counterfeit Cloud B®, Twilight Ladybug®, Twilight Turtle® and Twilight Sea Turtle®-marked toys, packaging and inserts are so similar in shape or design to Cloud B's products, that the public is likely to be confused as to the source, sponsorship or approval of Defendants' counterfeit Cloud B®, Twilight Ladybug®, Twilight Turtle® and Twilight Sea Turtle®-marked toys that infringe Cloud B's trade dress.

53.     By reason of Defendants' and each of their wrongful acts of trade dress counterfeiting and infringement, pursuant to 15 U.S.C. § 1117, Cloud B is entitled to recover all of Defendants' and each of their profits received or otherwise achieved, directly or indirectly, from their manufacture, importation, advertisement and sale of the counterfeit Cloud B®, Twilight Ladybug®, Twilight Turtle® and Twilight Sea Turtle®-marked toys, packaging and inserts.

54.     By reason of Defendants' acts of trade dress infringement, Cloud B has suffered and will continue to suffer irreparable injury unless and until this Court (1) enters an order enjoining Defendants from any further acts of trade dress infringement, and (2) orders Defendants to deliver up for destruction all of the counterfeit Cloud B®, Twilight Ladybug®, Twilight Turtle® and Twilight Sea Turtle®-marked toys and related packaging and insert materials, which are infringing Cloud B's proprietary products.  Defendants' continuing acts of trade dress infringement, unless enjoined, cause irreparable damage to Cloud B in that it will have no adequate remedy at law to compel Defendants to cease such acts.

CISLO & THOMAS LLP
Attorneys at Law
SUITE 500
1333 2ND STREET
SANTA MONICA, CALIFORNIA 90401-4110
TELEPHONE: (310) 451-0647   FACSIMILE: (310) 394-4477

20

1   Cloud B will be compelled to prosecute a multiplicity of actions, one action each

2   time Defendants, or any one of them, commits such acts, and in each such action it

3   will be extremely difficult to ascertain the amount of compensation which will

4   afford Cloud B adequate relief.

**FOURTH CLAIM**

**COPYRIGHT INFRINGEMENT**

**(17 U.S.C. § 101 et seq.)**

10   55.   Cloud B hereby repeats and incorporates herein the allegations set forth

11   in paragraphs 1 through 54 above.

13   56.   This claim is against all Defendants and each of them for copyright

14   infringement in violation of the Copyright Act of 1976, 17 U.S.C. §§ 101 et seq.

16   57.   Cloud B's copyrighted Twilight Turtle Storybook, Twilight Turtle toy

17   design, Twilight Turtle packaging, Twilight Turtle Star Guide Book, Twilight

18   Ladybug Storybook, Twilight Ladybug toy design, Twilight Ladybug packaging,

19   Twilight Sea Turtle Storybook, Twilight Sea Turtle toy design, and Twilight Sea

20   Turtle packaging, which were created by Cloud B, contain a substantial amount of

21   original material that constitute copyrightable subject matter protected under the

22   Copyright Act of 1976, 17 U.S.C. §§ 101 et seq.

24   58.   Cloud B has applied for and received Certificates of Registration for

25   the copyrighted Storybooks, toy designs, packaging and Guide Book from the

26   United States Register of Copyrights as set forth in Exhibit "B."

27   ///

28   ///

CISLO & THOMAS LLP
*Attorneys at Law*
SUITE 500
1333 2ᴺᴰ STREET
SANTA MONICA, CALIFORNIA 90401-4110
TELEPHONE: (310) 451-0647   FACSIMILE: (310) 394-4477

59.     Cloud B's copyrighted Storybooks, toy designs, packaging and Guide Book, which were created by Cloud B, contain a substantial amount of original material that constitute copyrightable subject matter protected under the Copyright Act of 1976, 17 U.S.C. §§ 101 et seq.

60.     Cloud B has at all times complied in all respects with the Copyright Act of 1976 and all other laws of the United States with regard to Cloud B's copyrighted products.

61.     All of the Defendants have had access to Cloud B's proprietary products and have made, imported, sold and/or distributed to the public counterfeit marked copies of Cloud B's proprietary product Cloud B®, Twilight Ladybug®, Twilight Turtle® and Twilight Sea Turtle®-marked toys, including the use of a colorable imitation or counterfeit Cloud B®, Twilight Ladybug®, Twilight Turtle® and Twilight Sea Turtle® copyrights in violation of Cloud B's exclusive rights under 17 U.S.C. § 106 and in violation of the criminal offenses prohibited by 17 U.S.C. § 506(a)(1) and (2), (c), 18 U.S.C. §§ 2319 (Criminal Infringement of a Copyright), 2320 (Trafficking in Counterfeit Goods).     The Defendants' manufacture, importation, advertising and sales of counterfeit Cloud B®, Twilight Ladybug®, Twilight Turtle® and Twilight Sea Turtle® night light products constitute copyright infringement in violation of Cloud B's exclusive rights under the Copyright Act of 1976, 17 U.S.C. §§ 101 et seq.

62.     Defendants have knowingly, willfully, and deliberately infringed Cloud B's copyrights in Cloud B's copyrighted products and continue to do so in conscious disregard and violation of Cloud B's exclusive rights.

///

///

63.   By reason of Defendants and each of their willful acts of copyright counterfeiting and infringements, Cloud B is entitled to recover damages, all profits received or otherwise achieved, directly or indirectly, by Defendants in connection with their manufacturing, importing, advertising and sales of the counterfeit Cloud B®, Twilight Ladybug®, Twilight Turtle® and Twilight Sea Turtle®-marked toys which are copies of Cloud B's proprietary products.  Such profits are believed to be in excess of ONE HUNDRED THOUSAND DOLLARS ($100,000.00).   In the alternative, Plaintiff is entitled to an award of statutory damages as provided by 17 U.S.C. § 504(c), subject to $150,000 per infringement enhancement for willful infringement of Plaintiff's copyrights.

64.   By reason of Defendants' acts of copyright infringement, Cloud B has suffered and will continue to suffer irreparable injury unless and until this Court (1) enters an order enjoining and restraining Defendants, and each of them, from making, importing, advertising, and/or selling the counterfeit Cloud B®, Twilight Ladybug®, Twilight Turtle® and Twilight Sea Turtle®-marked toys, and (2) orders all the counterfeit Cloud B®, Twilight Ladybug®, Twilight Turtle® and Twilight Sea Turtle®-marked toys, including Storybooks, toy designs, packaging, inserts and guide books   to be impounded.   Defendants' continuing acts of copyright infringement, unless enjoined, will cause and have caused irreparable damage to Cloud B in that it will have no adequate remedy at law to compel Defendants to cease such acts.  Cloud B will be compelled to prosecute a multiplicity of actions, one action each time Defendants, or any one of them, commits such acts, and in each such action it will be extremely difficult to ascertain the amount of compensation which will afford Cloud B adequate relief.

///

///

///

23

65.     Defendants' aforesaid infringing conduct has been willful, wanton and malicious, in bad faith and done with an intent to deceive.   Cloud B is therefore entitled to an award of its reasonable attorney fees and costs.

### FIFTH CLAIM
### VIOLATION OF LANHAM ACT
### UNFAIR COMPETITION
**(15 U.S.C. § 1125(a) Based upon False and Improper**
**Sales of Counterfeit Product and Copyrighted Materials and**
**Promotion of Product Not Included In Sales)**

66.     Cloud B hereby repeats and incorporates herein the allegations set forth in paragraphs 1 through 65 above.

67.     Cloud B's intellectual property, including its patents, trademarks and copyrights, are wholly associated with Cloud B due to its extensive use thereof, and as such, Cloud B is deserving of having its patents, trademarks, copyrighted Cloud B®, Twilight Ladybug®, Twilight Turtle® and Twilight Sea Turtle®-marked toys adequately protected with respect to the conduct of its business.

68.     Defendants' without authorization, have manufactured, sold or manipulated Cloud B's intellectual property by falsely selling and promoting the following:

a.     Counterfeit Twilight Ladybug®-marked toys;

b.     Counterfeit Twilight Turtle®-marked toys;

c.     Counterfeit Twilight Sea Turtle®-marked night light;

24

d.      Counterfeit Cloud B®-marked toys; and

e.      Separate product configurations on counterfeit Cloud B®, Twilight Ladybug®, Twilight Turtle® and Twilight Sea Turtle®-marked toys that are protected by Cloud B's design patents set forth in this complaint.

69.     Defendants' unauthorized use of the counterfeit Cloud B®, Twilight Ladybug®, Twilight Turtle® and Twilight Sea Turtle®-marked toys, packaging, inserts and guidelines infringing Cloud B's copyrighted, patented, and trademarked designs to attract customers when the items were intended to be excluded from any sales of counterfeit product constitutes unfair competition in that customers and would-be customers are likely to be misled and confused concerning products actually sold and the origin of products using the same mark, copyrights and product items in the marketplace, and false designations concerning the origin of same.

70.     Defendants' failure to refrain from said false representations in order to take advantage of Cloud B's intellectual property, including its trademarks, copyrights and design patents covering the promoted toys and their packaging, inserts and guidelines in order to deceive consumers and sell their counterfeit product is an unlawful and unfair business practice which constitutes unfair competition under 15 U.S.C. § 1125(a).

71.     Plaintiff alleges that the aforesaid acts of unfair competition undertaken by Defendants were intentionally and knowingly undertaken and were directed toward perpetuating a business competing unfairly with Plaintiff and were done with a willful disregard for the rights of Plaintiff.

72.     By reason of Defendants' acts of unfair competition, Plaintiff has suffered and will continue to suffer irreparable injury unless and until this Court enters an order enjoining Defendants from any further acts of unfair competition. Defendants' continuing acts of unfair competition, unless enjoined, will cause irreparable damage to Plaintiff in that it will have no adequate remedy at law to compel Defendants to cease such acts.   Plaintiff will be compelled to prosecute a multiplicity of actions, one action each time Defendants, or any one of them, commits such acts, and in each such action it will be extremely difficult to ascertain the amount of compensation which will afford Plaintiff adequate relief.   Plaintiff is therefore entitled to a preliminary injunction and a permanent injunction against further infringing conduct by Defendants.

73.     As a direct and proximate result of the aforesaid acts of unfair competition, Defendants have wrongfully taken Plaintiff's profits and the benefit of their creativity and investment of time, energy and money.   Defendants should therefore disgorge all profits from the sale of any products through the use of Cloud B's copyrighted materials and further should be ordered to perform full restitution to Plaintiff as a consequence of Defendant's infringing activities.

74.     In doing the acts hereinabove alleged, Defendants have acted fraudulently, oppressively, and maliciously, and by reason thereof, Plaintiff is entitled to exemplary and punitive damages.

///

///

///

## SIXTH CLAIM

### UNFAIR COMPETITION UNDER STATE LAW

**(California Business & Professions Code, §§ 17200, 17203**

**Based upon False and Improper Sales of Counterfeit Product and**

**Copyrighted Materials and Promotion of Product Not Included In Sales)**

75.     Cloud B repeats and alleges each and every allegation contained in paragraphs 1 through 74 of this Complaint, and incorporates them herein.

76.     Defendants' aforesaid acts, and each of them, constitute unfair competition in violation of the California Business & Professions Code, §§ 17200 and 17203.

## SEVENTH CLAIM

### COMMON LAW TRADEMARK INFRINGEMENT

77.     Cloud B hereby repeats and incorporates herein the allegations set forth in paragraphs 1 through 76 above.

78.     In addition to the federal applications and registrations owned by Cloud B as set forth above, Cloud B owns and uses the Cloud B®, Twilight Ladybug®, Twilight Turtle® and Twilight Sea Turtle®-marked toys and enjoys common law rights in California and throughout the United States in and to the Cloud B®, Twilight Ladybug®, Twilight Turtle® and Twilight Sea Turtle® trademarks in the area set forth in paragraph 14 above that are superior to any rights that Defendants may claim in and to their counterfeit Cloud B®, Twilight Ladybug®, Twilight Turtle® and Twilight Sea Turtle®-marked toys.

79.     The use of Cloud B®, Twilight Ladybug®, Twilight Turtle® and Twilight Sea Turtle®-marked toys with Defendants' colorable imitation or counterfeit Cloud B®, Twilight Ladybug®, Twilight Turtle® and Twilight Sea Turtle®-marked toys is likely to cause and has caused confusion as to the source of Defendants' products in that purchasers thereof will be likely to associate or have associated such products with and as originating with the Cloud B, all to the detriment of the Cloud B.

80.     Defendants' infringement will continue unless enjoined.

## EIGHTH CLAIM
## TORTIOUS INTERFERENCE WITH ECONOMIC RELATIONSHIPS

81.     Cloud B re-alleges and incorporates herein each and every allegation contained in paragraphs 1 through 80 above.

82.     Defendants were or should have been aware of Cloud B's existing and prospective economic business relations with customers throughout the United States, and in California, including a probable future economic benefit or advantage to Cloud B.

83.     On information and belief, Defendants have published and caused to be published and distributed to Cloud B's customers false representations that Defendants have the right and authority to use Cloud B's Cloud B®, Twilight Ladybug®, Twilight Turtle® and Twilight Sea Turtle® marks and to sell the colorable imitations or counterfeit Cloud B®, Twilight Ladybug®, Twilight Turtle® and Twilight Sea Turtle®-marked toys and associated counterfeit materials in the manner set forth herein.

84.   It was reasonably foreseeable that Defendants' conduct would disrupt and injure Cloud B's business relations with its existing and prospective customers.

85.   Cloud B is informed and believes and thereon alleges that Defendants have made such misrepresentations to Cloud B's customers with the purpose and intent of injuring Cloud B's existing and prospective business relations with its customers.

86.   The unlawful conduct of Defendants threatens to and will continue to injure Cloud B and its business unless enjoined by this Court.   Cloud B has no adequate remedy at law for Defendants' wrongful conduct, and the damage resulting to Cloud B for Defendants' wrongful conduct and the conduct itself is continuing. Accordingly, Cloud B is entitled, in addition to the recovery of any wrongfully acquired profits, to appropriate injunctive relief to prevent Defendants from continuing to engage in the unlawful conduct herein alleged.

87.   On information and belief, Defendants have been guilty of oppression, fraud and malice in doing the aforementioned unlawful acts.   Accordingly, Cloud B is entitled to exemplary or punitive damages, for the sake of example and by way of punishing Defendants, in an amount according to proof.

## NINTH CLAIM
## PATENT INFRINGEMENT
### (35 U.S.C. § 100, et seq.)

88.   Cloud B repeats and alleges each and every allegation contained in paragraphs of 1 through 87 of this Complaint, and incorporates them herein.

CISLO & THOMAS LLP
Attorneys at Law
1333 2ND STREET
SUITE 500
SANTA MONICA, CALIFORNIA 90401-4110
TELEPHONE: (310) 451-0647   FACSIMILE: (310) 394-4477

89.    This claim is against Defendants, and each of them, for patent infringement in violation of Title 35 of the United States Code including but not limited to §§ 271(a), 271(b), and 271(c).

90.    On information and belief, Defendants have made, used, imported, offered to sell and/or sold the accused components covered by the '997, '447, '667, '139 and '283 patents in a manner that infringes the '997, '447, '667, '139 and '283 patents.    On information and belief, Defendants' direct patent infringement was performed with full knowledge of the '997, '447, '667, '139 and '283 patents and results in various acts of infringement within this judicial district.

91.    On information and belief, Defendants have actively induced others to offer for sale, sell, and use the accused components covered by the '997, '447, '667, '139 and '283 patents in a manner that infringes the '997, '447, '667, '139 and '283 patents.    On information and belief, Defendants' active inducement of patent infringement was performed with full knowledge of the '997, '447, '667, '139 and '283 patents and results in various acts of infringement within this judicial district.

92.    On information and belief, Defendants have also contributed to the infringement by others of the '997, '447, '667, '139 and '283 patents with full knowledge that Defendants' accused components are especially made for use in an infringement of the '997, '447, '667, '139 and '283  patents and not staple articles or commodities suitable for any substantial non-infringing use.

93.    Defendants thereby contributorily infringed and will continue to infringe the '997, '447, '667, '139 and '283  patents.

94.     Defendants' infringement has been willful with full knowledge of the existence of the '997, '447, '667, '139 and '283 patents.

95.     Defendants' infringement of the '997, '447, '667, '139 and '283 patents has been willful, deliberate, and in conscious disregard of Cloud B's rights thereby rendering this an exceptional case within the meaning of 35 U.S.C. § 285. As a direct and proximate result of the infringement by Defendants, as alleged hereinabove, Cloud B is entitled to recover from Defendants, and each of them, money damages, including treble damages and attorney fees and costs, to fully and adequately compensate for the injury they have sustained and will sustain as a result of Defendants' acts of infringement and contributory infringement alleged above. At present, the amount of such damages, gains, profits and advantages cannot be fully ascertained by Cloud B, but will be proved at trial.

96.     Cloud B has suffered irreparable harm as a direct and proximate result of Defendants' acts of infringement.  Cloud B will continue to suffer irreparable harm unless and until this Court enjoins Defendants from further acts of infringement and contributory infringement.

**PRAYER FOR RELIEF**

WHEREFORE, Cloud B prays for judgment that:

1.     That Defendants each be held to have infringed Cloud B's U.S. Patent Nos. D580,997, D674,447, D680,677, D607,139 and D609,283 with the counterfeit Twilight Ladybug®, Twilight Turtle®, Twilight Sea Turtle®-marked toys.

31

2.      That the Court finds that Defendants' infringement of the '997, '447, '667, '139 and '283 patents was willful.

3.      That judgment be entered for CLOUD B against Defendants, jointly and severally, for CLOUD B's damages, including treble damages, according to proof attributable to Defendants' infringements of the '997, '447, '667, '139 and '283 patents.

4.      That this Court find this case exceptional and award CLOUD B's attorney fees and costs due to Defendants' willful, knowing, bad faith, deliberate and fraudulent infringement of the '997, '447, '667, '139 and '283 patents and the Cloud B marks.

5.      Defendants and their officers, agents, servants, employees, attorneys, and all persons in active concert or participating with any of them, preliminarily and thereafter, be permanently enjoined:

        a)      from committing any further acts of trademark infringement, false designation of origin, trade dress infringement, copyright infringement, patent infringement, unfair competition and interference with economic relationships;

        b)      from using any term which is likely to be confused with Cloud B's Cloud B®, Twilight Ladybug®, Twilight Turtle® and Twilight Sea Turtle® trademarks asserted herein;

///
///
///

Cislo & Thomas LLP
Attorneys at Law
SUITE 500
1333 2ND STREET
SANTA MONICA, CALIFORNIA 90401-4110
TELEPHONE: (310) 451-0647   FACSIMILE: (310) 394-4477

c)      from representing directly or indirectly in any form or manner whatsoever, that any product is a Cloud B product, when in fact it is not Cloud B's product;

d)      from passing off or inducing or enabling others to sell or pass off any non-Cloud B product as a Cloud B product;

e)      from committing any other acts calculated to cause purchasers to believe that Defendants' products are Cloud B's, and from competing unfairly with Cloud B in any manner;

f)      from using the Cloud B®, Twilight Ladybug®, Twilight Turtle®, Twilight Sea Turtle®, Twilight Turtle & Friends®, Helping Children Sleep®, Cloud B Helping Children Sleep (Stylized)® and Eases Fear of the Dark® marks or colorable imitations thereof in any way in the conduct of its business, advertising, in promoting its business, and in answering its telephones; and

g)      From using Cloud B's copyrighted text, photographs, graphics, guide books, Storybooks, toy designs, design packaging, Star Guide Books or any counterfeit marked Cloud B®, Twilight Ladybug®, Twilight Turtle® and Twilight Sea Turtle®-marked toys in any manner.

6.      For an order seizing and impounding all infringing counterfeit Cloud B®, Twilight Ladybug®, Twilight Turtle® and Twilight Sea Turtle®-marked toys and their packaging, and all manufacturing supplies in Defendants' possession or control that are unauthorized copies of Cloud B's proprietary and copyrighted products.

33

7.    For a judgment that Defendants have willfully and deliberately in bad faith and fraudulently committed acts of trademark infringement, false designation of origin, trade dress infringement, copyright infringement, patent infringement, unfair competition and tortious interference with economic relationship.

8.    For disgorgement of Defendants' profits from their infringing counterfeit activities in amounts to be proven at trial.

9.    For copyright infringement damages as provided by 17 U.S.C. § 504(c), subject to $150,000 enhancement for willful infringement.

10.    For trademark infringement damages, statutory damages, including an amount three times Defendants' profits under 15 U.S.C. § 1117(b) or statutory damages under 15. U.S.C. § 1117(c) in a sum between $1,000—$200,000 per mark up to $2,000,000.

11.    For exemplary and punitive damages in favor of Cloud B.

12.    For Defendants to pay Cloud B an allowance for reasonable attorney fees.

13.    For Defendants to pay Cloud B the costs and disbursements of this action.

///

///

///

CISLO & THOMAS LLP
Attorneys at Law
SUITE 500
1333 2ND STREET
SANTA MONICA, CALIFORNIA 90401-4110
TELEPHONE: (310) 451-0647    FACSIMILE: (310) 394-4477

1    14.    For Cloud B to receive such other and further equitable relief as the

2  Court may deem appropriate.

3

4                                    Respectfully submitted,

5                                    CISLO & THOMAS LLP

6

7  Dated: February 5, 2014        By:    /s/ Daniel M. Cislo

8                                    Daniel M. Cislo, Esq.
                                     Dennis Larson, Esq.

9
                                     Attorneys for
10                                   CLOUD B, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. Proc. 38(b), Cloud B demands a jury trial on all claims for relief herein triable by a jury.

Respectfully submitted,
CISLO & THOMAS LLP

Dated: February 5, 2014        By:    /s/ Daniel M. Cislo
Daniel M. Cislo, Esq.
Dennis Larson, Esq.

Attorneys for
CLOUD B, INC.

T:\13-28404\Complaint rev.docx