Daniel M. Cislo, No. 125,378
*dan@cislo.com*
Dennis Larson, No. 48,983
*dlarson@cislo.com*
CISLO & THOMAS LLP
1333 2nd Street Suite 500
Santa Monica, California 90401-4110
Telephone: (310) 451-0647
Telefax: (310) 394-4477

Attorneys for Plaintiff,
CLOUD B, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| CLOUD B, INC. a California corporation, <br><br> Plaintiff, <br><br> vs. <br><br> GLOPO, INC., a California corporation, individually and doing business as GLOPOUSA.COM, TOYBEYOND.COM, LITTLE GENIUS and THE WONDERLAND; ELLEN ZHOU, individually and doing business as YILUN ZHOU, ELLEN TRUMAN, ELLEN CLARK, THE WONDERLAND, GLOPO, Inc., GLOPOUSA.COM, TOYBEYOND.COM, LITTLE GENIUS, GLOPO, INC., a California corporation and DOES 1-10, inclusive, <br><br> Defendants. | **CASE NO. 2:14−cv−00896−BRO−RZx** <br><br> **[Hon. Beverly Reid O'Connell]** <br><br> **CLOUD B, INC.'S NOTICE OF MOTION AND MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES (DOCKET NO. 17); MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> [Larson Declaration in support; [Proposed] Order submitted concurrently herewith] <br><br> Hearing Date: June 2, 2014 <br> Time: 1:30 p.m._____ |

# TABLE OF CONTENTS

I.     INTRODUCTION .................................................................................3

II.    FACTUAL BACKGROUND ..............................................................3

III.   COUNTER-DEFENDANTS' AFFIRMATIVE DEFENSES SHOULD
       ALL BE STRICKEN.............................................................................4

       A.    Legal Standard for Striking Affirmative Defenses Pursuant to
             Fed.R.Civ.P. 12(f) ...................................................................4

       B.    Counter-Defendants' Affirmative Defenses are Inadequately
             Pled and Should be Stricken .....................................................7

             1.    First Affirmative Defense – Estoppel.........................7

             2.    Second Affirmative Defense - Waiver ........................8

             3.    Third Affirmative Defense – Mitigation of Damages ...............9

             4.    Fourth Affirmative Defense – Statute of Limitations .............10

             5.    Fifth Affirmative Defense – Cause in Fact/Proximate Cause ..11

             6.    Sixth Affirmative Defense – Privileged ...................12

             7.    Seventh Affirmative Defense –  Negligent, careless, reckless or
                   otherwise at fault.......................................................12

             8.    Eighth Affirmative Defense – Consent ....................13

             9.    Ninth Affirmative Defense – Descriptiveness/Distinctiveness 13

             10.   Tenth Affirmative Defense – Functional...................15

             11.   Eleventh Affirmative Defense – Fraud.....................16

             12.   Twelfth Affirmative Defense – Inherently Distinctive/Merely
                   Descriptive ................................................................18

             13.   Thirteenth Affirmative Defense – Fair Use.............19

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CISLO & THOMAS LLP
*Attorneys at Law*
SUITE 500
1333 2ND STREET
SANTA MONICA, CALIFORNIA 90401
TELEPHONE: (310) 451-0647    FACSIMILE: (310) 394-4477

14.    Fourteenth Affirmative Defense – Patent Invalidity under Section 102(a) ...................................................................... 20

15.    Fifteenth Affirmative Defense – Patent Invalidity under Section 102(b) ...................................................................... 20

16.    Sixteenth Affirmative Defense – Patent Invalidity under Section 103 ......................................................................... 21

17.    Seventeenth Patent Invalidity for Structural and/or Functional ........................................................................... 21

18.    Eighteenth Doctrine of Double Patenting ................................. 22

IV.   CONCLUSION .............................................................. 23

# **TABLE OF AUTHORITIES**

## **Cases**

Alphaville Design, Inc. v. Knoll, Inc.,
   627 F. Supp. 2d 1121 (N.D. Cal. 2009) ...................................................... 17

Barnes & Noble, Inc. v. LSI Corp.,
   849 F. Supp. 2d 925 (N.D. Cal. 2012) .................................................... 4, 5

Bell Atlantic Corp, et al. v. Willaim Twombly,
   550 U.S. 544 (2007) ............................................................................ 4, 16

Cafasso v. General Dynamics C4 Systems, Inc.,
   637 F. 3d 1047 (9th Cir. 2011) ............................................................... 17

Cairns v. Franklin Mint Co.,
   292 F.3d 1139 (9th Cir. 2002) ................................................................ 19

California Dairies Inc., v. RSUI Indemnity Co.,
   2009 U.S. Dist. LEXIS 72989 (E.D. Cal.) ................................................ 8

Disc Golf Ass'n, Inc. v. Champion Discs, Inc.,
   158 F.3d 1002 (9th Cir. 1998) ................................................................ 16

Ebeid ex rel. United States v. Lungwitz,
   616 F.3d 993 (9th Cir.2010) ................................................................... 17

Ganley v. County of San Mateo,
   2007 U.S. Dist. LEXIS 26467 (N.D. Cal. Mar. 22, 2007) ......................... 4

In re Bose Corp.,
   580 F.3d 1240 (Fed. Cir. 2009) .............................................................. 18

In re GlenFed, Inc. Securities Litigation,
   42 F.3d 1541 (9th Cir. 1994) (en banc) ................................................... 17

Infineon Technologies AG v. Volterra Semiconductor Corp.,
   2013 U.S. Dist. LEXIS 17501 (N.D. Cal. Feb. 7, 2013) ............................ 5

John D. Ashcroft v. Javaid Iqbal,
   556 U.S. 662, 129 S.Ct. 1937, 173 L. Ed. 2d 868 (2009) .......................... 4

CISLO & THOMAS LLP
Attorneys at Law
SUITE 500
1333 2ND STREET
SANTA MONICA, CALIFORNIA 90401
TELEPHONE: (310) 451-0647   FACSIMILE: (310) 394-4477

Kaplan v. Rose,
    49 F.3d 1363 (9th Cir. 1994) ................................................................. 17

Kohler v. Islands Restaurant, LP,
    280 F.R.D. 560 (2012).............................................................................9

Moore v. Brewster,
    96 F.3d 1240 (9th Cir.1996) ................................................................. 17

New Kids on the Block v. News America Publishing, Inc.,
    971 F.2d 302 (9th Cir. 1992) ................................................................. 20

One True Vine, LLC v. Wine Group LLC,
    2009 U.S. Dist. LEXIS 126029 (N.D. Cal. June 15, 2009) ................... 18

Optical Coating Laboratories, Inc. v. Applied Vision, Ltd.,
    1995 U.S. Dist. LEXIS 4565 (N.D. Cal. Mar. 20, 1995)......................... 6

Perez v. Gordon & Wong Law Group, P.C.,
    2012 U.S. Dist. LEXIS 41080 (N.D. Cal. March 26, 2012) ............... 7, 16

Powertech Technology, Inc. v. Tessera, Inc.,
    2012 U.S. Dist. LEXIS 68711 (N.D. Cal. May 16, 2012) .................... 4, 5

Qarbon.com, Inc. v. eHelp Corp.,
    315 F. Supp. 2d 1046 (N.D. Cal. 2004) ................................................. 8

Robi v. Five Platters,
    918 F.2d 1439 (9th Cir. 1990).......................................................... 17, 18

Solis v. Couturier,
    2009 U.S. Dist. LEXIS 63271 (E.D. Cal. July 8, 2009) .......................... 7

Vess v. Ciba-Geigy Corp. USA,
    317 F.3d 1097 (9th Cir. 2003)................................................................ 17

Whittlestone, Inc. v. Handi-Craft Company,
    618 F3d 970 (9th Cir. 2010)..................................................................... 4

Whyshak v. City Nat'l Bank,
    607 F.2d 824 (9th Cir. 1979)................................................................ 5, 9

Zivkovic v. S California Edison Co.,
    302 F.3d 1080 (9th Cir. 2002)............................................................... 12

CISLO & THOMAS LLP
Attorneys at Law
SUITE 500
1333 2ND STREET
SANTA MONICA, CALIFORNIA 90401
FACSIMILE: (310) 394-4477
TELEPHONE: (310) 451-0647

**Statutes**

17 USC § 507(b) ................................................................. 11

California Code of Civil Procedure § 337 ........................... 10

California Code of Civil Procedure § 338 ........................... 10

California Code of Civil Procedure § 340 ........................... 10

California Code of Civil Procedure § 343 ........................... 11

**Treatises**

Gilson on Trademarks, §11:08[4][i][ii][A], CCP 338(d) ............................ 11

Gilson On Trademarks, §203[1], p. 2-58 ............................................ 14

Kane on Trademark Law, § 2:1.2 ................................................... 14

Kane on Trademark Law, § 7:3.1 ................................................... 14

## NOTICE OF MOTION AND MOTION/RELIEF SOUGHT

PLEASE TAKE NOTICE that on Monday June 2, 2014 at 1:30 p.m., or as soon thereafter as the matter he heard before the Honorable Beverly Reid O'Connell, in Courtroom 14 in the United States District Court for the Central District of California, located at 312 North Spring Street Los Angeles, CA 90012, Plaintiff Cloud B, Inc. ("Cloud B") will and does hereby move the Court, pursuant to Fed. R.Civ.P. 12(f), for an Order striking Defendants Glopo, Inc. and Yilun Zhou ("Glopo/Zhou") affirmative defenses set forth in their Amended Answer to Complaint, Demand For Jury Trial (see, Docket No. 17) to Cloud B's Complaint.

Striking all of Defendants' affirmative defenses under Fed.R.Civ.P 12(f) is warranted because they contain insufficient factual matter and/or contain factual matter that is implausible.

This motion will be based on this Notice of Motion and Motion, the Memorandum of Points and Authorities appended hereto, the Declaration of Dennis Larson, all documents on file in this action, and upon such other evidence and oral argument as may be presented to the Court at the time of the hearing.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place after sending defense counsel an April 9 letter, pursuant to Local Rule 7-3 to schedule a meeting of counsel no later than Friday, April 11, 2014, an April 17, 2014 email to counsel enclosing a nine (9) page document setting forth each of the eighteen (18) affirmative defenses, each followed by detailed analysis of why the defense should be stricken (see, Larson Declaration, Exhibit B), and two (2) April 22, 2014 telephone conferences discussing the affirmative defenses and possible resolution.

///

///

///

1

## <u>ISSUES TO BE DECIDED</u>

The issue to be decided on the present motion to strike Defendants' affirmative defenses is as follows:

Whether the eighteen (18) affirmative defenses pled by Defendants should be stricken pursuant to Fed.R.Civ.P. 12(f) because they are not pled in accordance with the Supreme Court's <u>Twombly</u>/<u>Iqbal</u> pleading standard applied to affirmative defenses in that they contain incomplete or inadequate factual matter.

///

///

///

CISLO & THOMAS LLP
Attorneys at Law
SUITE 500
1333 2ᴺᴰ STREET
SANTA MONICA, CALIFORNIA 90401
TELEPHONE: (310) 451-0647     FACSIMILE: (310) 394-4477

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Cloud B brings this motion to strike Defendants' affirmative defenses to Cloud B's Amended Answer to Complaint, based on their numerous legal deficiencies.  See, Docket Nos. 1 and 1A (Complaint and Exhibits) for Cloud B's operative pleading, and Docket No. 17 (Amended Answer) for Defendants' operative pleading.

As to Defendants' eighteen (18) affirmative defenses, they lack the necessary factual allegations and/or are devoid of factual allegations that could possibly render the defenses plausible.  Defendants, having filed an amended answer, have had more than ample opportunity to properly state their defenses, and conduct investigation and discovery in connection therewith.    Yet, the defenses remain inadequate. Accordingly, Cloud B respectfully requests that the Court strike all of Counter-Defendants' affirmative defenses.

## II.    FACTUAL BACKGROUND

This is an action for trademark infringement, false designation of origin, trade dress infringement and unfair competition in addition to copyright and design patent infringement arising out of Defendants' advertising and sale over the Internet of counterfeit Cloud B®, Twilight Ladybug®, Twilight Turtle® and Twilight Sea Turtle®-marked nightlight toys for children for identical counterfeit products.[1] Plaintiff Cloud B also seeks injunctive relief against Defendants' continued unauthorized use and counterfeiting of Cloud B's trademarks, trade dress, copyrighted and patented toys.  Cloud B further seeks reimbursement of its attorney fees and costs as well as injunctive relief and attorney fees.  Defendants have filed an Amended Answer denying all allegations of Plaintiff's Complaint or that Plaintiff is

---

[1]  See, counterfeit comparison, Declaration of Dennis Larson, ¶ 5, Exhibit "D."

3

entitled to any requested relief, in addition to eighteen (18) Affirmative Defenses. Plaintiff hereby moves to have those Affirmative Defenses stricken without leave to amend.

### III.   COUNTER-DEFENDANTS' AFFIRMATIVE DEFENSES SHOULD ALL BE STRICKEN

Glopo/Zhou's defenses, even after amendment, remain deficient.  Some are inadequately pled inasmuch as they do not allege sufficient factual matter relating to the elements of the defenses.  Others contain additional factual matter, but are simply implausible.  Each of these general categories of deficiencies violate the pleading requirements of Twombly/Iqbal.  (Bell Atlantic Corp, et al. v. Willaim Twombly, 550 U.S. 544 1955 (2007); John D. Ashcroft v. Javaid Iqbal, 556 U.S. 662 (2009))  See, Barnes & Noble, Inc. v. LSI Corp., 849 F. Supp. 2d 925, 928 (N.D. Cal. 2012) ("Most courts have held that the Ashcroft/Twombly pleading standards apply to affirmative defenses, such that they must state a plausible claim for relief."); see also, Powertech Technology, Inc. v. Tessera, Inc., 2012 U.S. Dist. LEXIS 68711 at *11 (N.D. Cal. May 16, 2012) (same).  As shown in greater detail below, each of Defendants' defenses should be stricken.

### A.   Legal Standard for Striking Affirmative Defenses Pursuant to Fed.R.Civ.P. 12(f)

The purpose of a Rule 12(f) motion is to avoid spending time and money litigating spurious issues.  Whittlestone, Inc. v. Handi-Craft Company, 618 F3d 970, 973-74 (9th Cir. 2010).  Motions to strike are proper even if their only purpose is to make the issues less complicated and to streamline the ultimate resolution of the action.  Ganley v. County of San Mateo, 2007 U.S. Dist. LEXIS 26467 at *1 (N.D. Cal. Mar. 22, 2007).

4

Pursuant to Rule 12(f), a court "may strike from a pleading an insufficient defense." An affirmative defense is insufficiently pled if it fails to give the plaintiff fair notice of the nature of the defense. Wyshak v. City National Bank, 607 F.2d 824, 827 (9th Cir. 1979). To determine whether an affirmative defense provides the plaintiff with fair notice of the nature of the defense, courts in this district apply the Twombly/Iqbal pleading standard. See, Barnes & Noble, Inc. v. LSI Corp., 849 F. Supp. 2d at 928; Powertech Technology, Inc. v. Tessera, Inc., 2012 U.S. Dist. LEXIS 68711 at *11.

This Court has maintained a watchful eye over inadequate, boilerplate pleading of defenses, and has not hesitated to strike such defenses where appropriate. See e.g., Infineon Technologies AG v. Volterra Semiconductor Corp., 2013 U.S. Dist. LEXIS 17501 at *5 n.4 (N.D. Cal. Feb. 7, 2013) (court "persuaded" that Iqbal and Twombly apply to affirmative defenses).

In addition to the foregoing, to the extent Defendants anticipated attempt to bolster their affirmative defenses by statements in their forthcoming opposition brief, Defendants are mistaken.[2] The following quote from Judge Patel illustrates the problems with Defendants' defenses in their presently operative pleadings. While the facts and the defense under attack in the quoted portion below may be different than the present case, the underlying principles espoused by Judge Patel apply here:

> AVL's attempt to bolster its inequitable conduct allegation by referring to specific facts for the first time in its brief does not comply with Rule 9(b) and the requirement that the particularity be an averment in the answer or counterclaim. Having failed to allege those facts in its pleadings, AVL

---

[2] See, Declaration of Dennis Larson, ¶ 3 regarding Counsel's statement that the defenses were sufficient and any further information could be secured through discovery.

CISLO & THOMAS LLP
Attorneys at Law
SUITE 500
1333 2ND STREET
SANTA MONICA, CALIFORNIA 90401
TELEPHONE: (310) 451-0647   FACSIMILE: (310) 394-4477

CISLO & THOMAS LLP
*Attorneys at Law*
SUITE 500
1333 2ND STREET
SANTA MONICA, CALIFORNIA 90401
TELEPHONE: (310) 451-0647   FACSIMILE: (310) 394-4477

1    <u>cannot rely on them to defeat this motion</u>. AVL's argument

2    that it requires further discovery to flesh out its inequitable

3    conduct allegation is equally moot.  Discovery permits a

4    party to locate facts that support a sufficiently plead

5    allegation and enable it to defeat a motion for summary

6    judgment.  Discovery cannot, however, serve as a substitute

7    for an adequate pleading, and cannot be used to launch a

8    fishing expedition that may or may not subsequently

9    substantiate an allegation of fraud that lacks any basis at the

10   time it is plead. "Vague allegations of inequitable conduct

11   may also be the launching of a 'fishing expedition,'

12   allowing the accuser to embark on wide-ranging discovery

13   upon a thimble-full of facts.  This is precisely the sort of

14   tactical maneuvering that Rule 9(b) is designed to deter."

15   [citation omitted]   Indeed, the fact that at this late date AVL

16   still lacks any specific factual basis to support its inequitable

17   conduct allegation raises the specter of Rule 11 sanctions

18   for having plead that allegation in its answer and

19   counterclaims.

20

21   Accordingly, OCLI's motion to strike AVL's inequitable

22   conduct affirmative defense, and its motion to dismiss the

23   inequitable conduct counterclaim, must be granted.

24   (Emphasis added.)

25

26   See, <u>Optical Coating Laboratories, Inc. v. Applied Vision, Ltd.,</u> 1995 U.S. Dist.

27   LEXIS 4565 at *12-15 (N.D. Cal. Mar. 20, 1995) (emphasis added).

28

These principles require Defendants' compliance with applicable pleading standards and rules, and preclude Defendants from using any arguments in their expected opposition to bolster their deficient pleadings.

## B.   Counter-Defendants' Affirmative Defenses are Inadequately Pled and Should be Stricken

Each of Defendants' affirmative defenses are insufficiently pled and/or are implausible.  See e.g., Perez v. Gordon & Wong Law Group, P.C., 2012 U.S. Dist. LEXIS 41080 at *35-36 (N.D. Cal. March 26, 2012).  Thus, they should all be stricken.  Because Defendants have already had an opportunity to amend their defenses, the Court should strike them *without* leave to amend.

### 1.   First Affirmative Defense – Estoppel

To establish a defense of estoppel, "a party must show that the adverse party, either intentionally or under circumstances that induced reliance, engaged in conduct upon which [the relying party] relied and that the relying party acted or changed [its] position to [its] detriment."  See e.g., Solis v. Couturier, 2009 U.S. Dist. LEXIS 63271 at *2 (E.D. Cal. July 8, 2009).

Defendants in their first affirmative defense allege "prior conversations and interactions between Plaintiff and DEFENDANTS in 2012, Plaintiff led DEFENDANTS to reasonably infer that it would not enforce any patent, copyright, trademark, or other rights it allegedly has against DEFENDANTS… [who will be] materially prejudiced if Plaintiff is allowed to proceed with its claim."  (Emphasis added.)  This defense lacks sufficient relevant factual allegations as to its basis. Defendants did not allege any specific facts that address any of the above-referenced elements for pleading estoppel.

Defendants need to identify prior conversations and interactions in 2012 (how and in what manner did the conversations and interactions take place), any misleading

CISLO & THOMAS LLP
Attorneys at Law
SUITE 500
1333 2ᴺᴰ STREET
SANTA MONICA, CALIFORNIA 90401
FACSIMILE: (310) 394-4477
TELEPHONE: (310) 451-0647

conduct or silence, persons involved (specific statements, actions, inaction or silence when there was an obligation to speak).    They need to identify Plaintiff's representatives and what they said/did to cause defendants to reasonably infer that Plaintiff would not enforce patent, copyright, trademark or other rights that also need to be identified.  Defendants need to be factually specific, particularly with respect to "other rights."    Finally, Defendants need to express how and in what manner defendants have been or will be materially prejudiced.

Defendants' pleading is deficient and fails to give Cloud B fair notice of the conduct giving rise to this defense such that it should be stricken.   See, Qarbon.com, Inc. v. eHelp Corp., 315 F. Supp. 2d 1046, 1049-50 (N.D. Cal. 2004) (striking estoppel defense where defense did not set forth elements of defense or facts supporting its application).

Should Defendants now claim that their "estoppel" defense is really a "judicial estoppel" defense, rather than the standard estoppel, or equitable estoppel, defense, the Court should nonetheless strike the defense.  Counter-Defendants have not pled any factual matter that would have placed Cloud B on fair notice that Defendants are asserting a *judicial* estoppel defense.

### 2.    Second Affirmative Defense - Waiver

Defendants' Second Affirmative defense alleges that "in 2012, Plaintiff's previously communicated to DEFENDANTS that it would not seek to enforce the claims… and was relinquishing those claims and, thereby, has waived any and all claims… "  (Emphasis added.)

California Dairies Inc., v. RSUI Indemnity Co., 2009 U.S. Dist. LEXIS 72989 (E.D. Cal.) recognizes an implied waiver where the proponent bears the burden of proof to demonstrate that the waiving party intentionally relinquished a right or that acts are so inconsistent with an intent to enforce the right as to induce a reasonable belief that such right has been relinquished.

Here, defendants state the year 2012 but not any specific date or dates.  Plaintiff Cloud B is a corporation.  Defendants do not identify any individuals acting on behalf of Cloud B.  Moreover, Defendants do not identify any claims to be waived or relinquished.  They also fail to identify any communication by an individual that constitutes an intentional relinquishment of a right or conduct consistent with and intent to not enforce any rights.  Nor have any acts inconsistent with an intent to enforce rights been set forth.

### 3.   Third Affirmative Defense – Mitigation of Damages

In their third affirmative defense "DEFENDANTS allege that at all times and places mentioned herein, Plaintiff failed to mitigate the amount of damages," claiming on information and belief "that Plaintiff became aware of the alleged conduct complained of… at least as early as March 2012."  Defendants assert that, "Given Plaintiffs['] alleged awareness, the damages claimed by Plaintiff could have been mitigated by due diligence on Plaintiffs part or by one acting under similar circumstances."

Where a defendant's defense that plaintiff "failed to properly mitigate his alleged damages," Kohler v. Islands Restaurant, LP, 280 F.R.D. 560, 570 (2012) ruled that its "answer gives no notice to Kohler of the basis of his alleged failure to mitigate."  The court struck the affirmative defense with leave to amend.  Also, see Whyshak v. City Nat'l Bank, 607 F.2d 824, 827 (9th Cir. 1979) (mere statement of failure to mitigate insufficient).

Here, there is information and belief that Plaintiff (with no identity of individuals) knew of the conduct in March 2012 but did not mitigate the amount of damages.  Insufficient facts have been alleged to give Plaintiff notice—how did plaintiff become aware of the alleged conduct.  What is the alleged conduct in March 2012 that plaintiff became aware of so it could mitigate damages.

9

Defendants need to set forth facts and circumstances indicating the manner and circumstances surrounding Plaintiff's alleged awareness of specific alleged conduct at least as early as March 2012 and any and all times thereafter.  Defendants need to set forth particular statements by identified individuals, as well as specific acts, instances, opportunities and abilities to mitigate damages

### 4.    Fourth Affirmative Defense – Statute of Limitations

As their fourth affirmative defense, defendants contend that Plaintiff's causes of action are barred by the applicable statute of limitations, including, but not limited to… California <u>Code of Civil Procedure</u> ("CCP"), Sections 337, 338, 340, 343, or <u>17 U.S.C § 507</u>.  Defendants do not allege the time when they first used Plaintiff's intellectual property and products that are alleged in the complaint.

Plaintiff contends that even though particular statutes of limitation have been identified[3], only <u>California Code of Civil Procedure § 338(d) [Fraud 3 years from</u>

---

[3] The identified statutes have the following limitation periods:

•CCP §337 requires an action to be commenced within <u>four (4) years</u> if it is **1.** based upon an instrument in writing (§337. 1); or **2.** to recover upon (1) a book account, (2) account stated based upon an account in writing, (3) a balance due upon a mutual, open and current account; **3.**  an action based upon the rescission of a contract in writing.

•CCP §338 requires an action to be commenced within <u>three (3) years</u> for (a) <u>an action upon a liability created by statute</u>, other than a penalty or forfeiture, (b)  an action for trespass upon or injury to real property, (c)  an action for taking, detaining or injuring goods or chattels, including recovery of personal property, (d) an action for <u>relief for fraud or mistake from the date of discovery</u>.  CCP §338 relates to <u>LACHES (not a pleaded defense) applying to Lanham Act.</u>

•CCP §340 requires an action to be commenced within <u>one (1) year</u> for (a)  an action upon a statute for a penalty or forfeiture by an individual,  (b)    an action upon a statute for a penalty or forfeiture to the people of this state (c)  an action for libel, slander, false imprisonment, seduction of a person below the age of legal consent, or a depositor against a bank for payment of a forged or raised check etc.… (d)  an action against an officer to recover damages for the seizure of property and (e)  good faith improver of land action.

CISLO & THOMAS LLP
Attorneys at Law
SUITE 500
1333 2ND STREET
SANTA MONICA, CALIFORNIA 90401
FACSIMILE: (310) 394-4477
TELEPHONE: (310) 451-0647

discovery for Federal claims] and 17 USC § 507 (3 years after claim accrues) could possibly apply.  Section 43(a) false advertising under Lanham Act is based on Fraud Statutes of Limitations (<u>Gilson on Trademarks</u> §11:08[4][i][ii][A], CCP 338(d) 3 years upon discovery).  Defendants, however, have made no allegations regarding a date of discovery.

With the exception of the Copyright statute of limitations and CCP §338 fraud/mistake (see ahead), the statutes of limitations relied upon by Defendants do not apply to the Complaint in this action.  Moreover, the earliest time referred to in Defendant affirmative defenses is the year 2012 (March), making this action filed in 2014 within any of the Defendants' possible statutes of limitations.

Given no apparent time earlier than 2012, Defendant's affirmative defense should be stricken without leave to amend as they have not asserted or alleged any facts upon which an applicable Statute of Limitations period would have accrued and run.

### 5.    <u>Fifth Affirmative Defense – Cause in Fact/Proximate Cause</u>

Defendants' fifth affirmative defense is based on their assertion that their conduct was not the cause in fact or the proximate cause, contending that any losses were caused by "various third parties" who utilized Plaintiff's intellectual property in creation of similar toys.

Here, there a need to specifically identify various third parties and the specific utilization of trademarks, copyrights and/or design patents in the creation of similar toys (identify toys) causing losses.  However, because <u>cause in fact</u> and <u>proximate</u>

---

•<u>CCP §343</u> requires an action for relief not hereinbefore provided for… within <u>four (4) years</u> the cause of action accrues.

•<u>17 USC § 507(b)</u> Civil Actions has a statute of limitations of three years after the claim accrued.

cause are elements of the Plaintiff's prima facie case that it needs to meet in its burden of proof, they are not affirmative defenses.

"'As standing is an element of plaintiff's prima facie case (but here cause in fact or proximate cause), it is properly addressed through denial or a motion to dismiss.' (citations) As such, the court GRANTS Plaintiff's Motion to Strike Defendant TSL's eighth affirmative defense [of lacks standing] without leave to amend." "A defense which demonstrates that plaintiff has not met its burden of proof as to an element plaintiff is required to prove is not an affirmative defense." Citing Zivkovic v. S California Edison Co., 302 F.3d 1080, 1088 (9th Cir. 2002). Here, cause in fact and proximate cause are part of Plaintiff's prima face case and therefore not the subject of an affirmative defense. Defendants' affirmative defense should therefore be stricken without leave to amend.

### 6.     Sixth Affirmative Defense – Privileged

Defendants' sixth affirmative defense asserts that the causes of action to the Complaint are barred because Defendants' conduct was and is privileged. Defendants need to identify what privileges apply. They also need to set forth specific facts regarding defendants' status, conduct or any other circumstances that make their conduct, in whole or in part, privileged.

### 7.     Seventh Affirmative Defense –
### Negligent, careless, reckless or otherwise at fault

As for a seventh affirmative defense Defendants allege that Plaintiff was negligent, careless, reckless, or otherwise at fault in and about the matters alleged in the Complaint.

It's clear that Defendants need to allege specific facts that show Plaintiff was negligent, careless, reckless or otherwise at fault, including factual elements of a negligence claim and the factual basis for all issues or bases for non-liability by

CISLO & THOMAS LLP
Attorneys at Law
SUITE 500
1333 2ND STREET
SANTA MONICA, CALIFORNIA 90401
FACSIMILE: (310) 394-4477
TELEPHONE: (310) 451-0647

reason of alleged carelessness or recklessness.  Defendants also need to identify the factual bases for their claim that Plaintiff was "<u>otherwise at fault</u>."

### 8.      <u>Eighth Affirmative Defense – Consent</u>

Defendants eighth affirmative defense alleges consent to each and every cause of action in the Complaint.  Defendants plead that in 2012, Plaintiff previously communicated to Defendants that (1) it would not seek to enforce the claims against Defendants related to the matters alleged in the Complaint and (2) it was relinquishing those claims, thereby constituting the alleged consent conduct.

Defendants defense fails to allege specific facts that relate to identified alleged consent, including previous specific communications, representations or conduct of Plaintiff through specifically identified individuals representing Cloud B.  Nor does it set forth any particular communications by identified individuals that Cloud B would not enforce or relinquish its claims against specifically identified defendants or representatives relating to matters alleged in the Complaint.

### 9.      <u>Ninth Affirmative Defense – Descriptiveness/Distinctiveness</u>

Defendants ninth affirmative defense alleges improperly issued Trademark Registrations because they are <u>descriptive</u> and have not become distinctive of Plaintiff's children's nightlight toys.  These toys are in the form of soft animals (turtles and ladybugs[4]) with shells containing holes out of which an unseen light projects star patterns on the ceiling.

The following trademarks related to this case, include:

      a.    CLOUD B, Soft sculpture toys, U.S. Registration No. 4,346,338;

      b.    TWILIGHT TURTLE, Soft sculpture toy, U.S. Registration No. 3,096,834;

---

[4]  See, Larson Declaration, Exhibit "D."

13

c.  TWILIGHT SEA TURTLE, Soft sculpture toy, U.S. Registration No. 4,221,512;

d.  TWILIGHT TURTLE & FRIENDS, Electronic learning toys; Plush toys, U.S. Registration No. 4,026,733;

e.  TWILIGHT TURTLE TUNES, Toys, U.S. Ser. No. 85/806,956;

f.  TWILIGHT TURTLE TUNES T3, Toys, U.S. Ser. No. 85/806,975;

g.  TWILIGHT LADYBUG, Plush toys, U.S. Registration No. 3,902,658;

h.  HELPING CHILDREN SLEEP, Plush toys, U.S. Registration No. 4,003,059;

i.  CLOUD B HELPING CHILDREN SLEEP Stylized, Toys, U.S. Registration No. 4,346,867, and

j.  EASES FEAR OF THE DARK, Toys, U.S. Registration No. 4,161,432.

All but one of these trademarks have registered, confirming they are not merely descriptive and have become distinctive.  One mark, TWILIGHT TURTLE, (Reg. No. 4,22,512 registered 5/23/2006) has been registered for more than five (5) years, is incontestable and cannot therefore be attacked on "descriptive" grounds.  <u>Kane on Trademark Law</u>, § 7:3.1.<u>See</u>, 15 U.S.C. §§1059, 1065 and Larson Declaration, ¶ 4, Exhibit C.

A "descriptive" term is typically an adjective or adverb that is used to describe functions, characteristics, size, weight, dimensions, uses, or components of a product.  <u>Gilson On Trademarks</u>, §203[1], p. 2-58.  A descriptive mark tells something about the product.  It describes some characteristic, quality, purpose, component or other property of the product.  A mark is descriptive if it immediately conveys an idea of the ingredients, qualities or characteristics of the goods.  <u>Kane on Trademark Law</u>, § 2:1.2.

None of the marks have any descriptive characteristics, i.e., they do not describe the functions, characteristics, size, weight, dimensions, uses or components of the marks; none make consumers immediately associate the respective mark with a quality or characteristic of these nightlight products.  Defendants have not identified any ways any of Plaintiff's marks are descriptive of the functions, characteristics, size, weight dimensions, uses or components of its nightlight products.  There are no aspects of these marks that make consumers immediately associate it with a quality or characteristic of the nightlight product.  Defendants have not identified any of Plaintiff's trademarks that emote a quality or distinctive characteristic of its children's nightlight products.  The defense should be stricken without leave to amend.

### 10.   <u>Tenth Affirmative Defense – Functional</u>

Defendants allege in their tenth affirmative defense that Plaintiffs alleged <u>trademarks</u> and <u>trade dress</u> are <u>functional</u>, incapable of legal protection under the law. Defendants allege that the features of Plaintiff's "Cloud B, Twilight Ladybug, Twilight Turtle and Twilight Sea Turtle-marked overall soft, plush, and floppy with animated character featured toys" are dictated by the function of the product, namely a soft, plush animal with the ability to utilize a light source to project stars, moons, to other figures outward onto another surface, such as a wall or ceiling.  Defendants contend that such functional aspects of Plaintiff's products cannot be protected as trademarks and/or trade dress.

Defendants' defense of functionality, contains nothing more than conclusory allegations of functionality, i.e., nothing more than threadbare recitals of the elements of a purported defense, supported by mere conclusory statements.  Plaintiff's trademarks themselves are words, identifying a source, and are not functional.  The trademark designs/trade dress do not yield a utilitarian advantage that covers the projecting lights except for simple light holes from which light shines skyward. However, multiple other shapes and objects can serve as coverings of a light source

that projects upward to show stars.  Certainly, overall soft, plush and floppy with animated features do not utilize a light source to project in a functional sense—what is underneath, however, are the unseen functional parts that project light onto a wall or ceiling.  The particular five (5) configurations of trade dress shapes and features are merely placed over the light that shoots upward.  Virtually any shape—square, rectangle, ball—with holes could be used above the light.  The four (4) remaining trademarks are simply logos placed on the five Trade dress configurations.

Defendants' "functionality" defense contains nothing more than conclusory allegations of functionality, or put another way, nothing more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," which, according to Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), "do not suffice."

Functionality requires consideration of whether: (1) the design yields a utilitarian advantage; (2) alternative designs are available; (3) advertising touts the utilitarian advantages of the design; and, (4) the particular design results from a comparatively simple or inexpensive method of manufacture.  See, Disc Golf Ass'n, Inc. v. Champion Discs, Inc., 158 F.3d 1002, 1006 (9th Cir. 1998).  Here, Defendants have not raised any of these issues, but merely set forth conclusory statements without any supporting factual allegations.  As such, this defense is insufficiently pled and should be stricken.  See, Perez v. Gordon & Wong Law Group, P.C., 2012 U.S. Dist. LEXIS 41080 at *35-36.

### 11.   Eleventh Affirmative Defense – Fraud

Defendants' eleventh defense alleges that Plaintiff's "trademarks are unenforceable because of fraud in obtaining the registration."  Defendants again rely on the so-called "descriptive nature" of Plaintiff's trademarks TWILIGHT TURTLE, TWILIGHT SEA TURTLE, TWILIGHT TURTLE & FRIENDS, TWILIGHT TURTLE TUNES, TWILIGHT TURTLE TUNES T3, TWILIGHT LADYBUG,

16

1  HELPING CHILDREN SLEEP, and EASES FEAR OF THE DARK and Plaintiff's

2  alleged failure to disclose the descriptive nature to the USPTO.

3       Pleading of fraud claims must meet two separate standards – the heightened

4  pleading standard of Fed.R.Civ.P. 9(b) and the plausibility standard of

5  Twombley/Iqbal.  See, Cafasso v. General Dynamics C4 Systems, Inc., 637 F. 3d

6  1047, 1054-55 (9th Cir. 2011).

7       Rule 9(b) provides that fraud be pled with particularity.  To satisfy Rule 9(b), a

8  pleading must identify "the who, what, when, where, and how of the misconduct

9  charged," as well as "what is false or misleading about [the alleged fraudulent]

10  statement, and why it is false."  Ebeid ex rel. United States v. Lungwitz, 616 F.3d

11  993, 998 (9th Cir.2010); see also, In re GlenFed, Inc. Securities Litigation, 42 F.3d

12  1541, 1548 (9th Cir. 1994) (en banc).  Specifically, "[t]he pleadings must state

13  precisely the time, place, and nature of the misleading statements, misrepresentations,

14  and specific acts of fraud." Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994).

15       Under California law, the "indispensable elements of a fraud claim include a

16  false representation, knowledge of its falsity, intent to defraud, justifiable reliance,

17  and damages."  Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1105 (9th Cir. 2003)

18  (citing, Moore v. Brewster, 96 F.3d 1240, 1245 (9th Cir.1996)).  Put another way,

19  Defendants must meet the "heavy burden" of proving that: (1) Cloud B made a false

20  representation regarding a material fact; (2) Cloud B knew or believed that the

21  representation was false; (3) Cloud B intended that the USPTO rely on the

22  misrepresentation; (4) the USPTO reasonably relied on the misrepresentation; and, (5)

23  Defendants suffered damages as a result of this reliance.  See, Alphaville Design, Inc.

24  v. Knoll, Inc., 627 F. Supp. 2d 1121, 1131 (N.D. Cal. 2009) (citing, Robi v. Five

25  Platters, 918 F.2d 1439, 1444 (9th Cir. 1990)).

26       With respect to allegations of fraud upon the Trademark Office in particular,

27  which is what Defendants are alleging in their fraud defense, the Federal Circuit has

28  held that "a trademark is obtained fraudulently under the Lanham Act only if the

CISLO & THOMAS LLP
Attorneys at Law
SUITE 500
1333 2⁴ᵈ STREET
SANTA MONICA, CALIFORNIA 90401
TELEPHONE: (310) 451-0647   FACSIMILE: (310) 394-4477

17

applicant or registrant knowingly makes a false, material representation with the intent to deceive the PTO." In re Bose Corp., 580 F.3d 1240, 1245 (Fed. Cir. 2009); *accord*, Robi, 918 F.2d at 1444. The Federal Circuit also confirmed that "should have known" is insufficient to meet the fraud standard in this context. Id. at 1244. This district appears to have the same understanding of the law. See e.g., One True Vine, LLC v. Wine Group LLC, 2009 U.S. Dist. LEXIS 126029 at *7-8 (N.D. Cal. June 15, 2009).

Here, Defendants essentially imply that Cloud B filed false affidavits or declarations in the USPTO regarding the specimens for the trademarks. Defendants, however, have not alleged any facts regarding the particular person who allegedly made the misrepresentation, who had knowledge of the alleged falsity of the representation, who possessed a subjective intent to commit fraud on the USPTO (as required by In re Bose[5]), nor damages. This deficiency alone (i.e., failure to plead several elements of the defense) warrants striking Defendants' fraud defense. Defendants have in addition, not alleged an allegation with respect to scienter or an allegation with respect to intent to deceive the USPTO.

Furthermore, the lack of clarity as to the particular misrepresentations allegedly made by Cloud B supports striking this defense for lack of particularity, as required for fraud pleadings under Fed.R.Civ.P. 9(b).

## 12. Twelfth Affirmative Defense – Inherently Distinctive/Merely Descriptive

In their twelfth affirmative defense, Defendants claim that Plaintiff's trademarks are not inherently distinctive, but are merely descriptive of Plaintiff's

---

[5] See, In re Bose, 580 F.3d 1240, 1245 (Fed. Cir. 2009) ("we hold that a trademark is obtained fraudulently under the Lanham Act only if the applicant or registrant knowingly makes a false, material representation with the intent to deceive the PTO. Subjective intent to deceive, however difficult it may be to prove, is an indispensable element in the analysis.").

CISLO & THOMAS LLP
Attorneys at Law
SUITE 500
1333 2ND STREET
SANTA MONICA, CALIFORNIA 90401
TELEPHONE: (310) 451-0647   FACSIMILE: (310) 394-4477

goods.  This defense is basically the same as Defendants' ninth affirmative defense. All but one of these trademarks have registered, confirming they are not merely descriptive.  One mark, TWILIGHT TURTLE, is incontestable and cannot therefore be attacked on "descriptive" grounds.  Moreover, none of the marks have any descriptive characteristics, i.e., the do not describe the functions, characteristics, size, weight, dimensions, uses or components of the marks; none make consumers immediately associate the respective mark with a quality or characteristic of these nightlight products.  Defendants have not identified any ways that each of the marks are descriptive of the functions, characteristics, size, weight dimensions, uses or components of Plaintiff's nightlight products.  They have not described what aspects of each mark make consumers immediately associate it with a quality or characteristic of the nightlight product to make it descriptive.  Nor have they identified the quality or respective characteristic.  Finally, they have not alleged any facts that exist relating to Plaintiff's alleged failure to make a showing of distinctiveness?

### 13.   Thirteenth Affirmative Defense – Fair Use

Defendants' thirteenth affirmative defense asserts that their use of the allegedly infringing trade dress or trademark falls within the fair use doctrine.  The elements of a descriptive or classic fair use defense are: (1) the defendant is not using the term as a trademark; (2) the defendant is using the term only to describe its goods and services; and, (3) the defendant is using the term fairly and in good faith.  See, Cairns v. Franklin Mint Co., 292 F.3d 1139, 1151 (9th Cir. 2002).  Defendants have clearly failed to plead any facts that fall within the three elements of Descriptive Fair Use.

Nominative fair use has three elements: (1) plaintiff's product or service in question must be one not readily identifiable without use of the trademark; (2) only so much of the mark or marks may be used as is reasonably necessary to identify the plaintiff's product or service; and, (3) the user must do nothing that would, in conjunction with the mark, suggest sponsorship or endorsement by the trademark

holder.  See, New Kids on the Block v. News America Publishing, Inc., 971 F.2d 302, 308 (9th Cir. 1992).  Again, Defendants have alleged only a concept—fair use—not even coming close to alleging any factual basis for any type of fair use.  This defense should be stricken without leave to amend.

### 14.    Fourteenth Affirmative Defense – Patent Invalidity under Section 102(a)

Defendants' fourteenth affirmative defense claims patent Patent Nos. D580,997, D674,447, D680,677, D609,139, and D609,283 invalidity under 35 U.S.C. §102(a), claiming that the inventions were known or used by others in this country, and/or were patented or described in a printed publication in this or a foreign country, before the inventions thereof.  Defendants further claim that the subject Patents depict common designs of animals and such designs were anticipated by several third parties prior to Plaintiffs applications for the Patents in Suit.

Defendants defense is factually deficient in that they have not identified the inventions known or used by others before Plaintiff's design patents.  They have not identified the inventions that were patented or described in a printed publication (or the printed publications) by others (or identified the others) before Plaintiff's design patents.  Defendants have also not identified the common designs of animals depicted by the patents in suit.  Nor have they identified the third parties that anticipated Plaintiff's designs or the printed publication where anticipated.  It is obvious that Defendants cannot provide this information and the defense should be stricken without leave to amend.

### 15.    Fifteenth Affirmative Defense – Patent Invalidity under Section 102(b)

Defendants fifteenth affirmative defense claims that the Patents in Suit are invalid under 35 U.S.C. § 102(b) because the inventions were patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of the application for patent in the

United States.  Defendants allege that the Patents in Suit <u>depict common designs of animals and such designs were anticipated by several third parties prior to Plaintiffs applications</u> for the Patents in Suit.

Defendants defense is factually deficient in that they have not identified the inventions patented or described in printed publications and have not identified the printed publications or identify the common designs of animals depicted in the Patents in Suit; identify all known public uses or sales of the inventions, patented or described in a particular publications also used to identify.  They have also not identified all third parties who anticipated the common designs of animals prior the dates of Plaintiff's patent applications or identified the printed publications describing the inventions patented more than a year prior to the dates of Plaintiff's applications. This defense should be stricken without leave to amend.

### 16.   <u>Sixteenth Affirmative Defense – Patent Invalidity under Section 103</u>

Defendants sixteen affirmative defense claims that the Patents in Suit are invalid under 35 U.S.C. § 103 as being obvious in view of one or more patents and/or publications in the <u>prior art</u>.  Defendants allege that the Patents in Suit depict common designs of animals and <u>such designs</u> were <u>anticipated</u> by several <u>third parties</u> prior to Plaintiffs applications for the Patents in Suit.

Defendants defense is factually deficient in that they have not identified any of the prior art, the patents or publications or which third parties anticipated the common designs of animals, what design elements were anticipated and what patents and/or publications depicted the alleged prior art?  This defense should also be stricken without leave to amend.

### 17.   <u>Seventeenth Patent Invalidity for Structural and/or Functional</u>

Defendants seventeenth affirmative defense alleges that the Patents in Suit are invalid because they are design patents that claim elements which are structural

CISLO & THOMAS LLP
Attorneys at Law
SUITE 500
1333 2ND STREET
SANTA MONICA, CALIFORNIA 90401
TELEPHONE: (310) 451-0647   FACSIMILE: (310) 394-4477

and/or functional which can only be claimed in a <u>utility patent</u>. Defendants allege that the claims of the <u>Patents in Suit cover the structure and function of Plaintiffs products</u>, namely a soft, plush animal with the ability to utilize a light source to project stars, moons, to other figures outward onto another surface, such as a wall or ceiling.  Such functional elements, Defendants allege, cannot be protected within a design patent.

Defendants defense is factually deficient in that they have not identified any elements of Plaintiff's design patents that are structural and/or functional which can only be claimed in a utility patent or identified what portions of the claims of the Patents in Suit that cover the structure and function of Plaintiff's products, namely a soft, plush animal with the ability to utilize a light source to project stars, moons, to other figures outward onto another surface, such as a wall or ceiling.  This defense should be stricken without leave to amend.

### 18.    <u>Eighteenth Doctrine of Double Patenting</u>

Defendants eighteenth affirmative defense claims that the Patents in Suit are invalid under the <u>doctrine of double patenting</u> with regard to Plaintiff's patents D674,447 and D680,677 because they are not sufficiently distinct to allow dual registration.

Defendants defense fails to identify in detail the factual basis for claiming double patenting, and should therefore be stricken without leave to amend.

### 19.    <u>Summary of Affirmative Defenses</u>

Defendants' affirmative defenses each fail to meet the applicable standard for the reasons set forth above.  Because Defendants have had opportunity to amend their initial fifty (50) defenses, are fully aware of applicable law, and have had ample time to investigate the facts of the case, the Court should strike each of these defenses *without leave to amend*.  Defendants have unreasonably and vexatiously multiplied

these proceedings and judicial process with repetitious and improper pleadings, which they must know are improper or asserted without confirming the facts and applicable law, all for the purposes of delay and increasing litigation costs for Cloud B, for which Cloud B should be compensated.

## IV.   **CONCLUSION**

Cloud B's motion to strike Defendants' eighteen (18) affirmative defenses should be granted.  Defendants' affirmative defenses should be stricken because they are/remain inadequately pled inasmuch as they do not contain sufficient factual matter and/or because they lack sufficient factual matter so as to render the defenses plausible.  For these reasons, as well as those set forth above, Cloud B's motion to strike should be granted, and Defendants should be denied leave to amend inasmuch as they have had ample time to investigate and research their defenses, as well as two prior opportunities to plead their defenses correctly.

Cloud B should be awarded its fees and costs for having to respond to these duplicitous and unfounded pleadings.

Respectfully submitted:

CISLO & THOMAS LLP

Dated: April 24, 2014          /s/ Daniel M. Cislo
                               Daniel M. Cislo, Esq.
                               Dennis Larson, Esq.

                               Attorneys for Plaintiff
                               CLOUD B, INC.

T:\13-28404\Motion to Strike Defendants' Affirmative Defenses.docx

CISLO & THOMAS LLP
Attorneys at Law
SUITE 500
1333 2ⁿᵈ STREET
SANTA MONICA, CALIFORNIA 90401
TELEPHONE: (310) 451-0647      FACSIMILE: (310) 394-4477

## PROOF OF SERVICE

I am over the age of eighteen (18) years, employed in the County of Los Angeles, and not a party to the above-entitled action. My business address is 1333 2nd Street, Suite 500, Santa Monica, California 90401.

On April 24, 2014, I served:

**CLOUD B, INC.'S NOTICE OF MOTION AND MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES (DOCKET NO. 17); MEMORANDUM OF POINTS AND AUTHORITIES**

addressed as follows to:

Kevin W. Isaacson
Stephen D. Collins
Curtis R Tingley
Tingley Law Group, PC
10 Almaden Boulevard, Suite 430
San Jose, California 95113

☒   **BY FIRST-CLASS MAIL**:     I am readily familiar with the Firm's practice of collecting and processing correspondence for mailing. Under that practice, it would be deposited with the United States Postal Service on the same day with a postage thereon fully prepaid at Santa Monica, California, in the ordinary course of business. I am aware that, on the motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one (1) day after the date of deposit for mailing shown on this proof of service.

I declare, under penalty of perjury under the laws of the United States that the foregoing is true and that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Executed on April 24, 2014, at Santa Monica, California.


/s/ Alexandra Achamallah
Alexandra Achamallah

T:\13-28404\Proposed Order Granting Cloud B's Motion to Strike Counter-Defendants' Affirmative Defenses.docx

24